FRITZ MITCHELL AND EMMA MITCHELL

V.

THE ORIENT INSURANCE COMPANY.

*Fire Insurance—Policy—Action to Recover on—Conditions—Breach.*

An insurance company waives a provision in its policy requiring preliminary proofs of loss, by sending its adjuster to the scene of a fire immediately thereafter, he having full power to adjust, settle and pay the loss, where the facts are, that he is fully informed of the circumstances attending the

fire, and attempts, though without avail, to come to a settlement with the assured.

[Opinion filed June 12, 1891.]

IN ERROR to the Circuit Court of Vermillion County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. W. R. LAWRENCE, for plaintiffs in error.

Messrs. J. B. MANN and PENWELL & LINDLEY, for defendant in error.

CONGER, P. J.  This is an action of assumpsit to recover a loss under a policy of fire insurance.  The declaration contains a special count upon the policy.  The policy was made August 15, 1888, for one year, upon a stock of gents' furnishing and piece goods, and such other goods as are usually kept in a merchant tailor's store, to the amount of $2,800, and also upon sewing machines, tools, store fixtures and furniture, to the amount of $200.  It is averred that goods to the value of $3,000 were injured and destroyed by reason of fire, March 20, 1889.

The policy provides that "a particular statement of the proof of loss shall be rendered the company, at its office in Hartford, Conn., within thirty days after the fire, signed and sworn to by the assured, stating such knowledge and information as the assured has been able to obtain as to the time, origin and circumstances of the fire; also stating the exact nature of the interest of the assured and of all others of the property herein described, all incumbrances thereon, and the cash value thereof, the amount of loss or damage, all other insurance whether valid or not, a copy of the written part of all policies, any change in the use, title, occupation, location or exposure of said property that may have occurred since the issuing of the policy, how, by whom, and for what purpose the building herein described, and the several parts thereof, were occupied at the time of the fire."  The main contention is over this provision of the policy.

In an amendment to the declaration, it is averred that within thirty days after loss, defendant sent its agent and adjuster to plaintiffs' place of business, and took possession of the goods not destroyed, and caused the same to be dried, refolded and placed in said store room, and defendant did agree with plaintiffs as to said total loss of goods, merchandise and fixtures, and did adjust the loss thereof at $246.85. They further aver that within said time the parties agreed to submit the loss and damage to the remainder of the goods to arbitration, as provided by the policy, and by reason of the premises defendant waived the proof of loss provided for in said policy.

The pleas were general issue, and specially that all damages claimed, except $584.60, *actio non*, because they say particular statement of proof of loss was not furnished at its office in Hartford within thirty days after the loss, as provided by the policy, and that defendant did not discharge and release plaintiffs from all other provisions of said policy; that according to the terms of the policy, the parties, March 26, 1889, submitted said matters to appraisers, to determine the loss, without reference to any other matters contained in the policy, which submission provided the estimate and award should be made in detail, and that the appraisers should give actual cash value as found, together with the estimate of damage of each article or item separately, the award to constitute part of the proof of loss. The award was made in writing, of the gross loss on goods not destroyed, $584.60, without any detailed statement.

Amended and additional pleas, that loss was submitted to arbitration, and the loss thereby found to be $584.60; that for $187.89 of damages claimed, judgment of garnishment had been rendered against defendant.

Replication that award did not follow submission, in that it did not make finding in detail; that the appraisers fraudulently estimated the loss in the sum of $584.60, being less than one-half the loss at a fair estimate, and this the appraisers well knew at the time. A demurrer to replication is carried back to the plea and sustained, which sets forth the

award, and the defendant stood by his plea, which left the question of arbitration out of the case as a matter of defense.

The plaintiffs proved the loss by fire, and that they gave verbal notice to the local agent, and within a few days the adjuster of the company came to examine the goods and place of fire. He states that he was sent by the company to examine the loss, and that notice of the fire had been sent the company by the local agent at Danville. He also testifies that he and plaintiffs agreed upon the total loss at $246.85; that he dried and fixed up the goods, and tried to agree with the plaintiffs upon the damage, but could not, and it was then submitted to arbitration, which was in writing, and an award found in writing. He states that he did not come down to pay the loss, but to settle it, and that he had authority to pay it, if he saw fit; that as adjuster, he could acknowledge or deny liability. He says that he put the goods into good condition before he left, and left them with plaintiffs. The submission and award was read in evidence by the plaintiffs for the purpose of showing a waiver by defendant of proof of loss. The proof of damage to the goods by the heat, smoke and water, was from $1,500 to $2,000, making the entire loss, at the lowest estimate, $1,746.85.

At the close of plaintiff's evidence the defendant moved to exclude the evidence from the jury and direct a verdict for defendant, which motion was sustained. This was the error complained of.

The only question necessary to notice is, was there a waiver upon the part of the company as to the requirement in the policy of proofs of loss?

Under the circumstances, the plaintiffs in error would naturally conclude, from the conduct of the adjuster, that the only question of difference between themselves and the company was the amount of the loss upon the damaged goods, and would be justified in believing, and acting upon such belief, that preliminary proofs had been waived and would not be insisted upon by the company.

The company's adjuster, with full power to adjust, settle and pay the loss, came upon the premises a few days after the

fire, was fully informed of the circumstances attending the fire, agreed with plaintiffs in error as to the value of the goods entirely destroyed, took possession of those goods not destroyed, but damaged, and worked with them two or three days in straightening, cleaning and drying them, in order to put them in condition to ascertain the damage done to them. When he and plaintiffs in error failed to agree upon such damages, and also failed to have the question successfully arbitrated, he went away with no intimation that the company would still insist upon proofs; that, at that time, under the then existing circumstances, could be of no practicable value to the company.

When plaintiffs in error seek to collect their just and equitable claim they are met by this purely technical defense, which is entirely without merit, is unjust and inequitable, and should not have been sustained.

The judgment of the Circuit Court will be reversed and the cause will be remanded.

*Reversed and remanded.*