LOWRIMORE v. PALMER MFG. CO.

1. CONSTITUTION—ACTS—"CASE."—THIS COURT will not pass upon
   the constitutionality of an act unless the "Case" clearly shows what
   act was in question before the Circuit Judge, and that he passed on
   the question; and where drawing jurors is the question, the "Case"
   must show that the jury in question was drawn under such act.

2. MACHINERY—APPLIANCES—MASTER AND SERVANT—CONTRIBUTORY
   NEGLIGENCE.—IN CHARGING as to care required of master in fur-
   nishing machinery and appliances, it is not error to decline to charge
   effect of contributory negligence, where it is elsewhere charged.

3. IBID.—IBID.—IBID.—CHARGE—EVIDENCE.—What other well regulated masters in like manufactories do in furnishing their servants machinery and appliances, is not the standard in deciding negligence by master in furnishing proper machinery; but whether he in this case furnished proper machinery and appliances, and on this question evidence as to what other masters do is competent.

4. CHARGE—REQUESTS.—Party desiring special view of the law charged, should submit requests therefor.

5. IBID.—No error to refuse proposition requested, elsewhere charged.

6. IBID.—That Judge stated in his general charge matter of fact, is no ground of error in refusal to charge a request embodying a statement of fact.

7. IBID.—CONTRIBUTORY NEGLIGENCE.—Request that contributory negligence to any extent will always defeat a recovery, properly refused, because it does not embody a full definition thereof.

8. IBID.—Judge is not required to charge a request not sound as to whole, nor to take out such part as is sound, and charge that, but may refuse an entire request containing any unsound matter.

Before GARY, J., Charleston, April, 1900.     Affirmed.

Action for damages for personal injuries by Thomas W. Lowrimore against Palmer Manufacturing Co. The following is the Judge's charge:

"This is a suit on the part of the plaintiff to recover of the defendant—the plaintiff being Thomas M. Lowrimore against the Palmer Manufacturing Company—to recover of said company for damages, which he alleges he sustained under the following circumstances: The plaintiff contends that he was employed by the defendant company to operate a machine known as the round-header, for manufacturing barrel heads, which machine you have seen. His contention is, that while he was operating that machinery he received the injury complained of, and that the injury was caused by reason of the fact that the defendant company failed to furnish him with suitable and proper machinery. In other words, that the machinery they furnished him did not have a 'dog' on it, and by reason of that defect it was negligence on the part of the company in not having a 'dog,' and he sustained the injury complained of. That is the plaintiff's

contention.    It is more tersely stated in his complaint, which complaint you will have, and you can see it for yourselves when you go to your jury room; but I desire to call your attention to that portion of it which shapes the issues to which I desire to attract your attention.    The third allegation is as follows: 'That heretofore, on the 1st day of June, 1898, while the plaintiff was in the employment of the defendant as aforesaid, and operating its said machine, the plaintiff had his left hand cut and lacerated by coming in contact with the saw used in connection with the said machine (the round-header, gentlemen, that machine you have seen), while said saw was in rapid motion; that it became necessary, in consequence thereof, to have the left hand of the plaintiff amputated; and the plaintiff further alleges that his entire left hand was amputated, with the exception of his thumb, by reason of the injuries so received as above mentioned.'    That, he alleges, is the injury he sustained; that he lost his hand with the exception of his thumb.

"Now the fourth allegation brings up the question of negligence, in these words: 'That the aforesaid injury to the plaintiff was caused by reason of the negligence and carelessness of the defendant company in failing to provide safe and suitable appliances on the said machine, known as the "head-rounder," in that the defendant company did not provide a dog on the same to hold the machinery in proper positon, the dog being necessary for the safe operation of said machine, and that by reason of said defect plaintiff's hand was thrown on and against said saw, thereby causing the injuries to the plaintiff before mentioned.'    Now you will see that the particular act of negligence was that the defendant company failed to furnish a machine—a round-header, I believe it was called there—with a dog on it.    Now, the defendant company takes issue with him on that statement, that charge. The contention of the defendant company is that it was not necessary to put a dog on the machine—that that would not make it any safer to put a dog on it; but its contention is that the plaintiff, if injured at all, was injured through his

own carelessness, and not through the carelessness of the defendant company. So the issue for you to try is, was there negligence or carelessness, and if so, was it on the part of the defendant company in failing to have a dog on that machine, or was it on the part of the plaintiff here in the careless manner in which he operated the machine that they furnished him? Those are the issues.

"The law is not very lengthy on this question, but it is this: that where a master employs a servant to operate certain machinery, he must use due and proper care in protecting him from danger, by using proper precautions by which he might not be endangered. By that is not meant that the master insures his safety, because, as the witness states here, the law recognizes the fact that all machinery is dangerous, but he is required to use proper precautions to save the servant from being injured. Now, it is a question for you to say in this case whether that machinery was such machinery as it was necessary for the master, the defendant company, to put a dog on it to save the plaintiff from dangers that might attend him in operating the machine. Now you have seen it work, and I know you know more about it than I do, because you have seen it and I have not. I never saw one in my life, and it would be useless for me to tell you whether a dog is necessary or not necessary; you have seen it and you have heard testified how the injury occurred to him. Now, was it carelessness in the defendant company not having a dog on that machine? And if it was such carelessness that brought about such injury, that would not have occurred to the plaintiff if he had used proper caution himself if they had had a dog, then I charge you that the master, if you find such was necessary, would have furnished improper machinery, and would be responsible for the injury. But, if it was not such a precaution as in your judgment you think was necessary for the defendant company to furnish to protect the servant from any danger that might happen, then I charge you there would be no action at law, because this suit is based upon negligence. You have got to place negligence some-

where, and in order to find the company guilty you must put negligence on the company.    Now, as I say, you have seen the machinery operated.    Was it carelessness on the part of the company in not having a dog on that machine?    If you think from its operation that it should have provided a dog to insure the safety of its servant, this plaintiff, then it would be negligence on the part of the company in not furnishing a dog.    But if, after having seen it operated, you think it was not negligence on the part of the company, then it would not be liable.    That brings us back to where we started.

"The defendant has requested me to charge you the following propositions of law.    That is a right a litigant has, to submit them to the Court and have them charged or rejected.    Some I have allowed, others I have disallowed. Those I have allowed I will read to you.    The first is in this language: 'In this case no exemplary, punitive or vindictive damages can be recovered.    Only actual damages for the injury sustained are allowable, and no damages at all can be recovered unless the injury sustained resulted from the negligence of defendant.'    That I charge you is the law. What is known by exemplary damages, or punitive damages, or vindictive damages, is this: that in order to grant such damages as this, you would have to conclude that the party wilfully failed to put a dog on its machine, rather to entrap him, entice him, or maliciously do it.    Under those circumstances, you can punish a party by vindictive damages, but there are no facts in this case to warrant you in concluding that there was any malice or vindictiveness in this case; therefore, you cannot give smart money or vindictive damages, but are confined to actual damages the party has sustained, if you conclude he is entitled to recover, and in estimating damages you cannot only consider the value of the fingers, or the portion of the hand which has been severed, but pain and anguish the party may have suffered by reason of that injury.    That part of his damages, if he is entitled to recover damages, the pain and damages he has

undergone, it is not putting so many dollars on one finger and so many on another; you will put the amount he has suffered by the loss of his hand, and then, in pain and suffering, put whatever damages you think would attend a loss of that kind.

" '2. If the jury believe that the injury received was the result of an accident without fault on the part of the defendant company, their verdict must be for the defendant.' That I charge you to be the law; because, as I have already told you, this is a case based on negligence, and if you do not find that the defendant was negligent in failing to furnish a dog here, they are not liable, because, as I have said, they are not insurers to employees.    But the law does require them to use proper precautions in putting proper safeguards around dangerous machinery, so that the operative may not be injured in the operation of such machinery.

" '3. Thomas M. Lowrimore, on entering the employment of the Palmer Manufacturing Company, assumed all the ordinary risks incident to his employment.    If the injury received was within the ordinary risks of his employment, no recovery can be had against the company.' That I charge you to be the law; because a party who undertakes to operate machinery assumes himself the ordinary risks that are incident to the operation of that machinery.    To illustrate further to you, a motorman on an electrical railway car assumes the ordinary risks that would attend the operation of a car.    The law recognizes that it would not possibly be as safe for a man to operate a car as to sit at a desk in an office and keep books.    Therefore, when a man goes into that employment he assumes the ordinary risk of that employment; but the law charges the company, the employer, with the duty of furnishing him all proper appliances and safeguards to insure his safety.    It is for you to say in this case whether it was necessary to put a dog on that machine to insure the safe operation of that machinery by this employee.    That is the question for you.

" '4. If the jury believes that the injury received was the

result, in whole or in part, of the imprudent, careless or negligent act of Thomas M. Lowrimore, their verdict should be for the defendant company.' That I charge you to be the law. If the injury was through his own carelessness and imprudent act, why he could not blame the company for it; he would assume the risk under those circumstances himself.

" '5. The Palmer Manufacturing Company was only bound to exercise reasonable and ordinary care in furnishing machinery and appliances for the prosecution of its business. It was not bound to furnish the safest and best.' That I charge you to be the law, and it is a question of fact whether they did use reasonable and ordinary care in furnishing safe appliances for the protection of its employees on that machine. That is the question. They are not bound to find out what is the latest and best patent; but it is a question of fact for the jury, did they use ordinary care in furnishing the machinery, and use ordinary care and precaution in putting around it such safeguards as would protect the party who operated it? That is the question for you, whether this company did that. If they did not, it would be negligence, and they would be responsible for the consequences. If they did, it would not be negligence and they would not be liable.

" '6. If the jury believe that the Palmer Manufacturing Company exercised such care as other well regulated companies doing the like business ought to exercise, and as proper prudence demanded under the circumstances, nothing more can be required, and they are not responsible.' I refuse that; we are not to discuss other well regulated companies, but this company.

" '7. If the jury believe that the injury resulted from defective machinery or appliances, the defendant company is not responsible, unless the proof goes further and shows that the company's negligence in purchasing and overlooking its machinery was the cause of its having defective machinery in use.' I cannot go to that extent; I refuse the seventh.

" 'I refuse the eighth, on the ground that that requires me

to assume a question of fact. (The eighth request as presented reads as follows: 'Many of the employments in which laborers are engaged each day are fraught with danger, and the management of machinery of all kinds is always attended with more or less danger; therefore, the ground of liability of an employer to an employee for injury received while operating machinery is not *danger* but *negligence,* and the plaintiff in this case must show by at least a preponderance of the testimony that the injury was caused by the negligence alleged.')

" '9. An injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence, is not actionable.' That I charge you. If in the selection of this machinery an amount of ordinary prudence and foresight could not have foreseen that a party could be injured in operating it, then it would not be negligence on the part of the defendant company, and would not be actionable in this case.

" '10. An injury that is not the natural consequence of any act of negligence, and that would not have resulted from it but for the interposition of a new and independent cause, is not actionable.' That I charge you to be the law.

"The eleventh proposition I refuse as too restricted. (The eleventh proposition as presented reads as follows: 'It is a well established rule of the law of negligence that contributory negligence to any extent will always defeat a recovery.')

" '12. To recover damages in this action, the plaintiff must not only show by a preponderance of evidence that there was negligence on the part of the company, but plaintiff must also show by a preponderance of testimony that the injury complained of was the result of such negligence. Now the only injury complained of in this case is that defendant did not provide a dog on the machine, known as the "head-rounder." If, therefore, plaintiff has failed to show by a preponderance of testimony that defendant failed to provide a dog, as alleged, and that such failure was negli-

gence, which negligence caused the injury, your verdict will be for defendant.' That I charge you to be the law, because he has alleged in his complaint that it was negligence on the part of the company in this case in not furnishing a dog on that head-rounder, and that is the negligence complained of. If you should find from the proof that it was not negligence, there could be no recovery; but if it was negligence in failing to furnish the dog, they would be responsible for the consequences of that negligence.

" '13. Even if the jury believe that a failure to provide and use a dog was negligence, yet if the jury believe that the absence of the dog did not and could not have been the cause of the alleged injury, your verdict will be for defendant.' That I charge you to be the law, because he has alleged it was negligence on the part of the company in failing to furnish a dog, and if you conclude from the evidence that the failure to furnish a dog did not cause the injury, they would not be liable. If, on the other hand, you find from the evidence that in the use of ordinary care they should have furnished a dog, and then failed to furnish it, and that that was the cause of his injury, then the defendant company would be liable.

"So, gentlemen of the jury, after all, this is a case for the jury, the action being based on negligence. If it was negligence on the part of the defendant company in not furnishing a dog on that machinery, and from that failure to furnish a dog the plaintiff was injured, then the company would be liable. But if it was not necessary to the ordinary safety and protection of the plaintiff that a dog should be furnished, then they would not be liable.

"Take the record and find a verdict. I will supplement that with this. You have heard so much about contributory negligence which we have been discussing here, and here is the latest definition of it by our Supreme Court, and I will give it in their words. 'The best definition of contributory negligence we have seen is the following.' That is what the Supreme Court says: 'Contributory negligence is a want of

ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred.' That is what our Supreme Court has laid down as contributory negligence."

From judgment on verdict for plaintiff, defendant appeals on following exceptions:

"1. Because his Honor, the presiding Judge, erred in not holding that the act of the General Assembly of the State of South Carolina, entitled 'An act to further amend chap. XCIV., art. 1, of the Revised Statutes of South Carolina, vol. 1, 1893, relating to jury commissioners, as now amended by law,' approved 19th February, 1900, was and is in contravention of and violates subdivs. 11 and 12 of sec. 34, of art. III., of the Constitution of the State of South Carolina, which became effective on the 1st day of January, 1896, in that the said act of the General Assembly was and is in the nature of special legislation, the county of Charleston being the only county in the State of South Carolina containing a city with 40,000 inhabitants or over; and furthermore that the said act was and is in contravention of the constitutional requirements above referred to, requiring that all general laws shall be uniform in their operation, and because that the said jury so drawn under the provisions of the said act is illegal and void, for the reasons hereinbefore stated.

"2. Because his Honor, the presiding Judge, erred in modifying defendant's fifth request to charge as follows: 'The Palmer Manufacturing Company was only bound to exercise reasonable and ordinary care in furnishing machinery and appliances for the prosecution of its business. It was not bound to furnish the safest and best.' 'That I charge you to be the law, and it is a question of fact whether they did use reasonable and ordinary care in furnishing safe appliances for the protection of its employees on that machine.

That is the question.     They are not bound to find out what is the latest and best patent, but it is a question of fact for the jury; did they use ordinary care in furnishing the machinery, and use ordinary care and precaution in putting around it such safeguards as would protect the party who operated it?     That is the question for you, whether this company did that; if they did not, it would be negligence, and they would be responsible for the consequences.     If they did, it would not be negligence and they would not be liable.'     It is respectfully submitted, that by so charging and modifying defendant's request, his Honor held defendant responsible if the jury found that defendant did not use ordinary care in furnishing the machinery, and use ordinary care in putting around it safeguards as would protect the party who operated it, without regard to the fact whether the negligence of plaintiff contributed directly as an additional proximate cause or not.

"3. His Honor, the presiding Judge, erred when he refused to charge defendant's sixth request, namely: 'If the jury believe that the Palmer Manufacturing Company exercised such care as other well regulated companies doing the like business ought to exercise, and as proper prudence demanded under the circumstances, nothing more can be required and they are not responsible.'     It is respectfully submitted that defendant was bound only to use ordinary care, and said request should have been submitted to the jury, as they were to judge from all the testimony what this company ought to have done under the circumstances.

"4. His Honor, the presiding Judge, erred when he refused to charge defendant's seventh request, which was as follows: 'If the jury believe that the injury resulted from defective machinery or appliances, the defendant company is not responsible, unless the proof goes further and shows that the company's negligence in purchasing and overlooking its machinery, was the cause of its having defective machinery in use.'

"5. His Honor, the presiding Judge, erred when he re-

fused to charge defendant's eighth request, which was as follows: '8. Many of the employments in which laborers are engaged each day are fraught with danger, and the management of machinery of all kinds is always attended with more or less danger; therefore, the ground of liability of an employer to an employee for injury received while operating machinery is not *danger* but *negligence;* and the plaintiff in this case must show by at least a preponderance of the testimony that the injury was caused by the negligence alleged.'

"6. His Honor, the presiding Judge, erred in refusing defendant's eighth request above set out, 'on the ground that that requires me to assume a question of fact.' It is respectfully submitted that his Honor had previously stated in his charge, 'the law recognizes the fact that all machinery is dangerous,' and his Honor erred in stating that said request required him to assume a question of fact.

"7. His Honor, the presiding Judge, erred when he refused to charge defendant's eleventh request, which was as follows: '11. It is a well established rule of the law of negligence that contributory negligence to any extent will always defeat a recovery.'

"8. His Honor, the presiding Judge, erred in stating to the jury the definition of contributory negligence as follows: 'Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximite cause thereof, without which the injury would not have occurred,' and in refusing to charge to the jury the effect of contributory negligence, as requested by plaintiff. It is respectfully submitted that if his Honor gave to the jury the definition of contributory negligence, the jury should not have been left without any instructions whatever as to the effect of such contributory negligence, but should have been instructed that 'contributory negligence to any extent would defeat a recovery,' as requested by defendant in the eleventh request to charge."

*Mr. Geo. H. Moffett,* for appellant, cites: *The act, 23 Stat. 320, providing for drawing jurors is unconstitutional:* Rev. Stat., 2373, 2375; 22 Stat., 517; 23 Stat., 320; Con., art. III., sec. 34, sub. 11 and 12; 75 Mo., 354; 96 Penn. St., 425; 100 *Id.,* 246. *What is a local or special law?* 43 N. Y., 21; 51 S. C., 51; 54 S. C., 254. *Court will take judicial notice that Charleston is only city in State having 40,000 inhabitants:* 84 Ill., 590; 75 Mo., 356; 89 Mo., 239; 42 N. J. L., 435; 44 Ohio St., 247; 21 *Id.,* 11. *This act does not classify but designates:* 47 N. J. L., 446, 105; 37 Minn., 272; 80 F. R., 222. *If jury is illegally drawn judgment will be arrested:* 15 Rich., 42; 26 S. C., 114; Harp., 91. *Laws similar to the one in consideration have been held void in other States:* 43 N. Y., 10; 92 N. Y., 136; 155 N. Y., 420; 106 Penn. St., 377; 110 *Id.,* 246; 113 Pa. St., 176; 145 Penn. St., 172; 84 Ill., 590; 136 Ill., 764; 55 Cal., 489; 55 Cal., 242; 118 Cal., 401; 80 F. R., 218; 82 F. R., 1; 60 N. J. L., 482; 38 A., 833; 42 N. J. L., 435; 75 Mo., 647; 6 Ency., 1079; 92 N. Y., 136; 3 Del., 475. *As to suitable machinery and appliances:* 22 S. C., 563; 139 Pa. St., 261; 23 S. E. R., 718; 15 S. C., 456. *Error to refuse to charge that machinery of all kinds is dangerous:* 44 S. C., 442; 23 S. E. R., 718; 139 Pa. St., 261. *Error to refuse to charge that contributory negligence to any extent will always defeat a recovery:* 51 S. C., 95; 50 S. C., 53; 10 S. C., 436; 55 S. C., 397; 55 S. C., 192; 56 S. C., 95; 58 S. C., 228; 15 S. C., 443; 23 S. C., 542.

*Messrs. Legare & Holman,* contra, cite: *As to the constitutionality of the act in question:* Art. III., sub. 11 and 12 of sec. 34 of Con.; 48 N. E. R., 1003; 28 S. E. R., 891; 41 S. W. R., 1094; E. Ency., 1 ed., 698. *No error to refuse to charge that care required of defendant is that exercised by other well regulated companies:* 25 S. C., 24. *Duty of master not only to provide safe and suitable machinery, but to keep same in repair:* 52 S. C., 443. *Request as to contributory negli-*

*gence properly refused, because it ignored the proximate cause:* 55 S. C., 192; 51 S. C., 91.

April 3, 1901.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.   This was an action to recover damages sustained by the plaintiff, through the alleged negligence of the defendant corporation, while in the employment of the defendant.   The case came on for trial before his Honor, Judge Ernest Gary, and a jury.   Upon the call of the case the defendant interposed a challenge to the array of jurors, in the following form (omitting the caption) : "And now at this day, to wit: the 6th day of April, A. D., 1900, at Charleston, in the county of Charleston, at the spring term of Court, upon the call of the above entitled cause for trial, comes as well the aforesaid plaintiff as the aforesaid defendant, by their respective attorneys aforesaid, and the jurors empanelled in this cause being summoned, also came, and hereupon the said defendant above named challenges the array of said jurors: 1. Because the said jury was drawn in contravention of art. III., sec. 34, subdi. 11 and 12, of the Constitution of 1895.   2. Because the said act requires that the list of names placed in the jury box should be composed only of those qualified by law to act as jurors; whereas, the said list contained names of many who were not qualified by law to act as jurors.   3. Because said act is special legislation.   And the foregoing the defendant is ready to verify.   Wherefore, the defendant prays judgment that said array may be quashed.   After argument, the objections to the array of jurors upon the part of the defendant, were overruled.   Defendant excepted."   The trial then proceeded, and resulted in a verdict for the plaintiff for the sum of $3,000, and judgment having been entered in accordance with the verdict, the defendant appeals from such judgment upon the several exceptions set out in the record, which, together with the charge of the Circuit Judge, should be included by the Reporter in his report of the case.

The manifest object of the first exception was to raise the question of the constitutionality of the act of 1900, entitled "An act to further amend chap. XCIV., art. I., of the Revised Statutes of South Carolina, vol. 1, 1893, relating to jury commissioners, as now amended by law," 23 Stat., 320.

The first point to be considered is whether the constitutionality of the act of 1900, above referred to, is properly before us, under the "Case" as prepared for argument in this Court. Neither in the challenge to the array, nor the grounds upon which such challenge was rested, nor in the action taken thereon by the Circuit Court, is there any hint or suggestion of any such question. Indeed, there is no mention made therein of any specific act of the General Assembly; for while it is true that we find, in the second ground of the challenge, the words, "Because the *said* act requires, &c.," and also in the third ground, similar words, yet as no act has been previously mentioned, it is left wholly to conjecture what particular act of the General Assembly is intended to be referred to by the words "said act." So, also, there is nothing whatever to show, or even indicate, that the Circuit Judge either considered or passed upon the question of the constitutionality of *any* act of the General Assembly. All that appears in the "Case" is that he overruled "the objections to the array of jurors;" but upon what grounds he based his ruling does not appear. Again, it nowhere appears in the "Case" that the jurors were drawn under the provisions of the act of 1900, and it is necessary that this fact should appear before the constitutionality of that act could properly arise in this case. Indeed, if we are left to conjecture, we would say that it was at least doubtful whether the officers charged with the duty of securing the attendance of jurors at the spring term of Court, which commenced, we do not know when, except that it must have been on or before the 6th of April, 1900, inasmuch as the act of 1900 did not take effect until the 19th of February, 1900—the day of its approval by the governor; and it would have required expeditious work on the part of the several officers to draw

and serve the requisite number of jurors within the times allowed for that purpose by the terms of the act of 1900, and those sections of the Rev. Stat. which do not appear to have been repealed. Taking the facts from the "Case" as prepared for argument here, and not from the exceptions or arguments of counsel, as we are required by the well settled rule to do, we feel obliged to say that the question of the constitutionality of the act of 1900 does not necessarily, or even properly, arise under the facts as they appear in the "Case," and, therefore, we must decline to consider that question in this case. It is always a delicate and disagreeable duty to declare an act of the General Assembly unconstitutional and, therefore, null and void; and while a Court should not shrink from the performance of such a duty when the question properly arises, and its decision is necessary to the decision of the case in which such a question is properly presented, yet a proper respect for a co-ordinate branch of the government should always forbid a Court from considering or deciding such a question in a case where it is not properly presented by the facts of such case. We must, therefore, upon that ground alone, without expressing or even intimating any opinion as to the question of the constitutionality of the act in question, overrule the first exception.

The second exception imputes error to the Circuit Judge in modifying defendant's fifth request to charge. We do not understand that the words used by the Circuit Judge, after expressly charging that the proposition of law embodied in that request was good law, in any respect modified such proposition; and the omission to qualify that request by charging the jury as to the effect of contributory negligence, as matter of defense, upon which the jury were subsequently instructed, was not error of law.

The third exception, imputing error in refusing to charge defendant's sixth request, in reference to the care, which other well regulated companies engaged in the like business ought to exercise, cannot be sustained. The question, as the Circuit Judge very properly said, was whether the

defendant used proper care in furnishing proper machinery and other appliances for the performance of the work required of its employees, and not what other well regulated companies did or ought to have done. What such companies did, may possibly have had some bearing upon the question of fact, as to whether defendant exercised proper care; and the "Case" shows that testimony as to what other companies did, in reference to the matter of furnishing a "dog"—the very matter in which negligence was complained of in this case—was received without objection, and the defendant had the benefit of such testimony. There was really no matter of law involved in the request which had not already been charged.

The fourth exception imputes error in refusing to charge defendant's seventh request; and the point of that exception is that the Circuit Judge did not go far enough in his instructions to the jury by omitting to tell them that even if the jury believe that the injury resulted from defective machinery or appliances, the defendant would not be liable unless they believed from the testimony that the defendant's negligence in purchasing and overlooking its machinery was the cause of its having defective machinery in use. There are two answers to this. 1st. That if the defendant desired such further instruction, he should have submitted a request to that effect. 2d. That in response to defendant's twelfth request, the Circuit Judge supplied such alleged omission. This exception is overruled.

The fifth and sixth exceptions impute error to the Circuit Judge in refusing defendant's eighth request. These exceptions must be overruled, for two reasons: 1st. Because they required the Judge to state a matter of fact, to wit: that the management of all machinery is always attended with more or less danger; and the fact that the Judge in a previous part of his charge, which is not excepted to, had said: "The law recognizes the fact that all machinery is dangerous," cannot have the effect of converting a matter

of fact into a matter of law. 2d. The only proposition of law embodied in the request, viz: "the plaintiff in this case must show by at least the preponderance of the testimony that the injury was caused by the negligence alleged," had already been charged.

The seventh exception imputes error in the refusal to charge defendant's eleventh request—that contributory negligence to *any* extent will always defeat a recovery—cannot be sustained; for it is well settled that contributory negligence only becomes available as a defense, when it is a proximate cause of the injury complained of, combining and concurring with the negligence of the defendant. It is contended, however, that the language used in the eleventh request is the same as that employed by Mr. Justice Jones, in delivering the opinion of the Court in the case of *Cooper* v. *Railway Company*, 56 S. C., at page 95. That is true, to a certain extent; but that is not all the language used by Mr. Justice Jones. For in the very same paragraph he had just defined "contributory negligence," in which definition it was stated that contributory negligence must be such negligence on the part of the person injured as constitutes "a proximate cause thereof, without which the injury would not have occurred." It is very manifest, therefore, that the distinguished Justice, in using the language imputed to him, meant such contributory negligence as he had just defined, and did not mean that *any* negligence on the part of the plaintiff, however remotely contributing to the injury, would defeat a recovery. The same remarks will likewise apply to the quotation, made in the argument of counsel for appellant, taken from the opinion of the same Justice, in delivering the opinion of the Court in the case of *Disher* v. *Railroad Company*, 55 S. C., at page 192—for in that case, after using the words quoted: "The law is well settled that contributory negligence by the injured person will always defeat his recovery," he immediately follows that remark with these words: "But to constitute contributory negligence, the negligence must be not a *remote* cause in the

chain of circumstances resulting in the injury, but must be a *proximate* cause of the injury." It is always unsafe to rely upon a single sentence or part of a sentence, without reference to the context, as that very often explains, limits or qualifies the language used in such sentence.

The eighth exception imputes several errors to the Circuit Judge. 1st. In the definition of contributory negligence, which he gave to the jury. 2d. In refusing to charge the jury the effect of contributory negligence, "as requested by plaintiff"—meaning, of course, defendant. 3d. In leaving the jury without any instructions whatever as to the effect of contributory negligence. This exception cannot be sustained, for several reasons. In the first place, it has been well settled ever since the case of *Gunter* v. *The Graniteville Manufacturing Co.,* 15 S. C., 443, that a request to a Circuit Judge to charge "upon propositions submitted as a whole, unless they are correct as a whole, it is not his duty to disconnect them, sustaining such as are sound and rejecting such as are unsound." This doctrine has been uniformly recognized in quite a number of subsequent cases, which it is needless to cite here. Now, as we have just seen that the proposition contained in the eleventh request, and repeated here, which the Circuit Judge refused to charge, was not a sound proposition of law, that disposes of the second specification of error in the eighth exception. As to the first specification of error, it having been admitted in the argument for appellant here—and very properly admitted—that the definition of contributory negligence as given by the Circuit Judge to the jury was correct (see *Cooper* v. *Railway Co., supra; Bowen* v. *Southern Co.,* 58 S. C., 222; and *Easler* v. *Southern Ry. Co.,* 59 S. C., 311), the first specification of error is without foundation. As to the third specification of error, we have already seen that there was no error in refusing to charge, *as requested* by defendant, what would be the effect of contributory negligence; and it is a mistake to say that the jury were left without any instructions as to what would be

the effect, if the jury found that the plaintiff was guilty of contributory negligence; for an inspection of the charge shows that the Circuit. Judge did charge defendant's fourth request, which was in these words: "If the jury believe that the injury received was the result, in whole or in part, of the imprudent, careless or negligent act of Thomas W. Lowrimore, their verdict should be for the defendant company."

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.