2268.  NORTH BRITISH & MERCANTILE INSURANCE
COMPANY *v.* SPEER.

Actions at law in this State on contracts, express or implied, should be
brought "in the name of the party in whom the legal interest in such
contract is vested, and against the party who made it in person or
by agent."

Action on insurance policy; from city court of Americus—
Judge Crisp.   October 7, 1909.

Argued December 21, 1909.—Decided January 21, 1910.

*Smith, Hammond & Smith,* for plaintiff in error.

*W. M. Harper,* contra.

POWELL, J.   The Eagle Fire Insurance Company of New York
issued a policy to Speer, covering his property.   Later the Eagle
Company, desiring to retire from business, made a contract with the
North British & Mercantile Insurance Company whereby the latter
company, in consideration of seventy per cent. of the unearned pre-
miums of the former company, agreed to reinsure and indemnify it
against claims for fire losses under the policies which had been
issued by the Eagle Company prior thereto, and which should be
issued by it for a limited time in the future; and agreed to adjust
fire claims with the policy-holders as they should occur, and to pay
them off.   The plaintiff was not a party to this contract.   Later
his property so insured was destroyed by fire, and he sued the
North British & Mercantile Company, setting up the foregoing
facts.   The case comes here on the overruling of a demurrer to the
petition.

Only a technicality of pleading is involved in what we are here
deciding; we do not pass on the merits.   The defendant says that
the plaintiff had no right to sue on the contract of reinsurance.   We
think that the point is well taken, irrespective of whether the plain-
tiff has any beneficial interest in the contract of reinsurance or not.
The Civil Code, § 4939, provides, "As a general rule, the action on
a contract, whether express or implied, or whether by parol or under
seal, or of record, must be brought in the name of the party in
whom the legal interest in such contract is vested, and against the
party who made it in person or by agent."   When A makes a con-
tract with B for the benefit of C, or when C is equitably or justly
entitled to claim the benefit of a contract made by A with B, C's

right is to sue in the name of A, as nominal plaintiff suing for the use ,of C.    In such cases C has the right to use A's name, even without the latter's consent.  *Fain* v. *Garthright,* 5 *Ga.* 6; *Calhoun* v. *Tullass,* 35 *Ga.* 119 (2), 124; *Kennedy* v. *Gelders,* ante, 241 (66 S. E. 620).   If this plaintiff stands in any such relation to the contract of reinsurance as to be legally considered as having a beneficial interest therein (a point not now decided), it will be necessary for an amendment to be made, making the Eagle Insurance Company party plaintiff, before the action can proceed in the court of law in which it has been instituted.    Civil Code, §5105; *Estes* v. *Thompson,* 90 *Ga.* 698 (17 S. E. 98).    Many States allow such actions to be brought directly; Georgia does not. · *Empire State Insurance Co.* v. *Collins,* 54 *Ga.* 376.          *Judgment reversed.*