24856. NEW YORK UNDERWRITERS INSURANCE COMPANY *v.* ANDERSON.

DECIDED OCTOBER 26, 1935. REHEARING DENIED NOVEMBER 16, 1935.

*Spalding, MacDougald, Sibley & Brock, Estes Doremus, Deal & Renfroe,* for plaintiff in error.

*Fred T. Lanier, D. C. Jones,* contra.

SUTTON, J. 1. An alienation of the property insured, without the consent of the insurer, voids the policy. Code of 1910, § 2484; Code of 1933, § 56-825. Where a policy of fire insurance contains what is known as the sole and unconditional ownership clause and prohibits a sale, change, or transfer of the title, interest, or ownership of the insured property without the written consent of the insurer endorsed thereon, and provides that upon a breach thereof the policy shall be void, such condition is violated by sale of the personal property insured. *National Ben Franklin Fire Ins. Co.* v. *Hurley,* 49 *Ga. App.* 815 (176 S. E. 780) ; *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (64 S. E. 993). Where such a condition is breached (unless there is some valid reason taking the case out of the general rule), the insured can not recover in case the property is thereafter destroyed by fire, and an action by such insured should be dismissed on general demurrer. *Aronoff* v. *U. S. Fire Ins. Co.,* 178 *Ga.* 97 (172 S. E. 59).

2. "In order to transfer the legal title to a policy of fire insurance from the person to whom the policy was issued to another, the assignment thereof must be in writing, and one other than the one to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing." *National Fire Ins. Co.* v. *Grace,* 106 *Ga.* 264 (32 S. E. 100) ; *Steele* v. *Gatlin,* 115 *Ga.* 929 (42 S. E. 253, 59 L. R. A. 129) ; *Sprouse* v. *Skinner,* 155 *Ga.* 119 (116 S. E. 606) ; *Fields* v. *Continental Ins. Co.,* 170 *Ga.* 28 (152 S. E. 60) ; Code of 1910, § 2470, Code of 1933, § 56-801.

3. While the above is true, and the purchaser of such property would have no right to maintain an action on the policy in her own name (*Fields* v. *Continental Ins. Co.*, supra), "when it becomes necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his own use" (Code of 1910, § 5689; Code of 1933, § 81-1307); and this section has been applied where the property insured has been sold and there has been no written transfer of the fire-insurance policy. *Traders Ins. Co.* v. *Mann*, 118 *Ga.* 381 (2) (45 S. E. 426); *North British &c. Ins. Co.* v. *Speer*, 7 *Ga. App.* 330 (66 S. E. 815). Therefore the petition in this case, originally brought by the purchaser of the insured property, was properly so amended as to proceed in the name of the original assured for the use of the purchaser.

4. Still, where the policy provided that there could be no waiver of such condition as to sole and unconditional ownership by an agent of the insurer "unless such waiver shall be written upon or attached" to the policy, "nor shall any privilege or permission affecting the insurance under this policy exist, or be claimed by the insured, unless so written or attached;" and where the insurer was notified of the sale of the property insured, and its agent promised to procure the necessary assignment or transfer of the policy to the purchaser, providing therein for protection to the seller, in the event of loss, for the balance due her on the purchase-money, and later such agent informed the purchaser and the insured that this endorsement had been obtained and the policy transferred, and pursuant thereto the purchaser paid to such agent the premium due on the policy, which was accepted by him for the insurer, there was a waiver of the forfeiture of the policy, or, rather, the insurer was estopped from insisting on the forfeiture provision in a suit by the original insured for the use of the purchaser. *Corporation of Royal Exchange Assurance* v. *Franklin*, 158 *Ga.* 644 (124 S. E. 172, 38 A. L. R. 626), et seq.; *Farmers Mutual &c. Ins. Co.* v. *Kilgore*, 39 *Ga. App.* 528 (147 S. E. 725). While it is not specifically alleged that such agent had possession of the policy for the purpose of having the endorsement entered, the natural presumption is that such was the fact, it being alleged that upon request the agent promised to obtain this endorsement, and thereafter, upon inquiry, stated that he had procured the endorsement

and transfer. This case is unlike *Fields* v. *Continental Ins. Co.,* supra, *Aronoff* v. *U. S. Fire Ins. Co.,* supra, and *Sparks* v. *National &c. Ins. Co.,* 23 *Ga. App.* 38 (97 S. E. 462). In the *Fields* case the suit was in the name of the purchaser to whom no written transfer of the policy had been made, instead of being in the name of the original insured for the use of the purchaser or transferee, and further it did not appear in that case, as it does in the present case, that the agent of the insurance company informed the purchaser that the written transfer of the insurance policy had been made, and that the agent accepted the insurance premium due from such purchaser for the benefit of the insurer. Justice Bell, the writer of the opinion in the *Aronoff* case, stated that it was unlike the case of *Corporation Assurance* v. *Franklin,* supra, and followed in this case, in that in the *Aronoff* case "the agent who promised to make the necessary endorsement did not have access to the policy for this purpose. Accordingly, the failure of the agreement to endorse or attach the waiver appears to have been due solely to inaction or neglect on the part of the plaintiffs, and there was no estoppel against the company." In so far as it conflicts with the principle ruled in this case, the decision in *Sparks* v. *National &c. Ins. Co.,* supra, was disapproved by the Supreme Court in *Corporation Assurance* v. *Franklin,* supra.

5. It follows that the trial court did not err in refusing to dismiss the petition, as amended, on defendant's motion to strike in the nature of a general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*