28842. BROOKER, for use, *v.* AMERICAN INSURANCE CO.

DECIDED JULY 31, 1941.

*W. C. Little, C. Winton Adams,* for plaintiff.

*Ringel & Ringel, Smith, Smith & Bloodworth,* for defendant.

PER CURIAM. The policy insured Mrs. Brooker against loss of a described automobile truck by fire, etc., and the loss-payable clause provided that the loss, if any, should be payable to the assured and S. O. Jenkins, as their "interest may appear." The assured sold this truck to Mrs. Lois Jacobs, subject to the interest therein of Jenkins, and surrendered to the purchaser the policy sued on. Notice of such sale and surrender of the policy was given to the defendant's agent, B. F. Grantham, the owner of the B. F. Grantham Insurance Agency of Glynn County, Georgia, and a request was made that the policy be changed so as to protect the interest of the purchaser and of Jenkins. This agent assured Jenkins, the person making such request, that the necessary change would be made, and that both his interest and that of the purchaser would be fully protected from that date. Thereafter the truck was destroyed by fire. It is contended by the defendant that the provisions of the policy were violated and the policy rendered void, before the destruction of the truck, when the assured sold the truck to Mrs. Jacobs, which transfer of title was not "provided by agreement in writing added" to the policy, as provided in the "title and ownership" clause of the policy. It is contended that the fact that Jenkins, on consummation of the sale to Mrs. Jacobs, notified the defendant by notifying B. F. Grantham, the owner of the Grantham Insurance Agency, the defendant's agent who wrote and delivered such policy, and requested such agent to change the policy so as to protect his interest and the interest of Mrs. Jacobs therein, and that such agent of the defendant, in its behalf, assured Jenkins that the change would be made and his interest and the interest of Mrs. Jacobs fully protected from that date, did not show a suffi-

cient compliance with the provisions of the policy; that such change in title and ownership, in order to be valid and binding on the company, must be "provided by agreement in writing added" to the policy, which was not done; and that the statement and assurance given to Jenkins by its agent, Grantham Insurance Agency, that the policy would be changed so as to fully protect, from the date of the sale of the truck by the assured to Mrs. Jacobs, the interest of Mrs. Jacobs and that of Jenkins, was not binding on the company for the reason that the policy provided that "no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached." In other words, it is contended that a change in title or ownership of the property insured voided the policy where it did not appear that the company had agreed thereto by a writing added to the policy; and that no agent or other representative of the company could waive the provisions of the policy as to a transfer of title and termination of interest of the assured rendering the policy void where such waiver was not written on "or attached" to the policy.

There can be no question but that the sale of the truck by the assured to Mrs. Jacobs was a violation of the "title and ownership" clause of the policy, and unless such sale and transfer were agreed to in writing by the insurer and this agreement added to the policy, or unless the company consented thereto and there has been a waiver of such written agreement to the sale of the property by an authorized agent of the insurer, or an estoppel in pais relatively thereto, the policy was rendered void by the sale of the truck, the assured thereby divesting herself of any insurable interest therein. Even were there no such provision in the policy sued on as the "title and ownership" clause quoted above, a transfer and sale of the truck whereby the assured had no further interest and title therein would void the policy. See 29 Am. Jur. 509; Code, § 56-

812, 56-825. The latter section declares: "An alienation of the property insured and a transfer of the policy, without the consent of the insurer, shall void the policy." As appears from the allegations of the petition Jenkins had a claim on and interest in the insured property as mortgagee or for an unpaid balance on the purchase-money. His claim or interest is recognized in the policy to the extent that the loss-payable clause provides that any loss would be payable to the assured and Jenkins, as their interest might appear. Jenkins, under the loss-payable clause, had no other or greater right than the assured, so that a breach of a condition or provision against alienation or change of title or interest by the assured would prevent a recovery by Jenkins. *Southern States Fire &c. Ins. Co.* v. *Napier,* 22 *Ga. App.* 361 (96 S. E. 15) ; *Hartford Fire Ins. Co.* v. *Liddell Co.,* 130 *Ga.* 8, 13 (60 S. E. 104, 14 L. R. A. (N. S.) 168, 124 Am. St. R. 157) ; 38 A. L. R. 368.

There was no written agreement by the insurer to the sale of the truck by Mrs. Brooker to Mrs. Jacobs added to the policy. By this sale the assured parted with her insurable interest in the property. Therefore, unless there was a written agreement by the insurer added to the policy, or unless this was waived by an authorized agent, or the insurer is equitably estopped from insisting on a forfeiture of the policy because of a violation of the title and ownership clause thereof, Jenkins could not recover on the policy as to whatever interest he had in the property. Therefore, with knowledge that the policy was void as to both the assured and Jenkins, and that the purchaser could not recover on the policy unless the company consented to such sale and transfer of title, and agreed in writing to the sale of the truck, Jenkins, acting for himself and for the purchaser, notified the insurer of the sale and requested that the policy be changed so as to protect both him and the purchaser. The defendant's agent assured Jenkins that this would be done and that his interest and the interest of the purchaser were from that date fully protected.

This case is controlled by the principles stated in *Corporation of the Royal Exchange Assurance* v. *Franklin,* 158 *Ga.* 644 (124 S. E. 172, 38 A. L. R. 626). These principles are that there are two prerequisites in a case such as this to the arising of an estoppel against the company to deny that the insured does have the protection contended for. First, the company must have access to the

policy; second, there must have been a reliance on the promise of the agent by those to whom the promise was made and for whose benefit it was made. It is alleged in this case that the policy was delivered to the purchaser. The petition is silent as to whether it was ever delivered to the insurance agent. The petition can not be construed to mean that the policy was delivered to the agent, as was the case in *New York Underwriters Insurance Co.* v. *Anderson*, 52 *Ga. App.* 112 (182 S. E. 529). In that case it was alleged that the agent had procured the indorsement and transfer, and such allegation carried with it the necessary conclusion that the agent had the policy at the time. It is not alleged in this case that either the purchaser of the truck or the mortgagee relied on the agent's promise and acted thereon to the injury of either. The truck was sold before the alleged promise was made. In this respect this case is similar to *Simonton* v. *Liverpool &c. Insurance Co.*, 51 *Ga.* 76. So far as we can find there is no allegation in the petition as to reliance on the promise by any one which will satisfy the requirement of the law in respect thereto, inasmuch as the assured and the morgtagee herein must rely on the doctrine of estoppel to prevail.

The petition being deficient in the foregoing particulars it was not error to sustain the demurrer and dismiss the action.

    *Judgment affirmed. Sutton and Felton, JJ., concur.*

STEPHENS, P. J., dissenting. Unless the company waived its right to insist on a forfeiture of the policy, or by its conduct became estopped to declare the policy void because of a transfer and alienation by the assured of her interest in the property without its consent or without an agreement in writing added to the policy, the policy was void and a recovery thereon can not be had by Mrs. Brooker, Mrs. Jacobs, Jenkins, or any one of them. An insurer may waive conditions and provisions which are inserted in a policy for its benefit, or it may by a course of conduct estop itself to set up an otherwise good ground for forfeiture, such as a provision in a policy as to sole ownership and change of title in the property insured. 26 C. J. 281, and cit. Conduct on the part of the insurer which is sufficient to justify a reasonable belief on the part of the assured that it will not insist on performance of a condition constitutes a waiver thereof. Also, a waiver arises from acts, words, or conduct on the part of an insurer, done or spoken

with a knowledge of a breach of a condition, which amount to a recognition of the policy as a valid, existing, and continuing contract, or which are inconsistent with an intent to claim a forfeiture, or which are such as to reasonably imply a purpose not to insist on a forfeiture.

Therefore, statements made by an authorized agent of the insurer to the assured, or to one with an interest in the insured property and named in the loss-payable clause, or to a purchaser of the insured property after issuance of the policy, and with a full knowledge of the facts constituting a violation of the terms of the policy, consisting of a construction that the policy is in force, or of assurance that it is in force, or that certain acts need not be done or written permission of the insurer obtained in order to continue the policy in force, for a specified term thereof, have been held to bind the insurer and to constitute a waiver. 26 C. J. 284, 285.

An assured has a right to rely on the agent's promise to make the necessary indorsements on the policy, by virtue of which such assured refrains from securing other insurance on the property; and equity will treat as done that which ought to have been done, and not permit the insurer to question it. Bank of Anderson v. Home Insurance Co., 14 Cal. App. 208 (111 Pac. 507). To the same effect see 38 A. L. R. 638, where on authorities cited it is stated that the failure of the agent to make the promised indorsement estops the insurer from claiming a forfeiture on the ground of the absence thereof, for the reason that it is probable the assured was prevented from procuring other insurance by reason of reliance on the agreement and promise of the agent to make the proper indorsement.

In N. Y. Underwriters Insurance Co. v. Anderson, 52 Ga. App. 112, supra, which was a suit on a fire-insurance policy insuring certain personalty in the name of Mrs. Jones, it appeared that the policy was issued in July, 1933; that afterwards the assured sold the insured property to Mrs. Anderson and took from her a bill of sale thereto to secure payment of a balance due on the purchase-money, which had not been paid at the time of the fire loss in November, 1933; that the local agent of the insurer was given due notice of this purchase and sale, and was requested to have the policy properly transferred to the purchaser, and to attach thereto

a New York standard loss-payable clause to Mrs. Jones as her interest might appear; that a few days after this inquiry was made of this agent as to whether the policy had been properly transferred and the loss-payable clause attached as had been requested, and this agent assured the purchaser "that the policy had been transferred to her according to the stipulations contained in said contract of insurance, and that she need not worry about it having been done, as he had already had these things looked after by the proper officers to do so;" and that after the fire loss it was discovered that the policy had not been transferred. The policy in that case contained the usual provisions that unless otherwise provided by agreement indorsed or added it should be void if the interest of the assured be other than sole and unconditional, and that no agent should have power or be deemed or held to waive any condition or provision unless such waiver was written on or attached to the policy. The insurer refused to pay, and suit was brought on the policy by Mrs. Anderson. The petition was later amended so as to proceed in the name of Mrs. Jones for the use of Mrs. Anderson. A motion in the nature of a general demurrer was overruled, and the company excepted. This court held that the suit was properly amended so as to proceed in the name of the original assured for the use of the purchaser, and also held: "There was a waiver of the forfeiture of the policy, or rather, the insurer was estopped from insisting on the forfeiture provision in the suit by the original assured for the use of the purchaser." Citing *Corporation of the Royal Exchange Assurance* v. *Franklin*, 158 *Ga.* 644, supra. The court said: "While it is not specifically alleged that such agent had possession of the policy for the purpose of having the endorsement entered, the natural presumption is that such was the fact, it being alleged that upon request the agent promised to obtain this endorsement, and thereafter, upon inquiry, stated that he had procured the endorsement and transfer." It will be noted that the sale to Mrs. Anderson had been made when she notified the agent of the insurer thereof and requested the necessary changes to be made on the policy so as to protect her interest.

The facts of the case at bar, as in the *Franklin* and *Anderson* cases, distinguish it from *Simonton* v. *Liverpool &c. Insurance Co.*, 51 *Ga.* 77, supra; *Morris* v. *Orient Insurance Co.*, 106 *Ga.* 472 (33 S. E. 430); *Lippman* v. *Ætna Ins. Co.*, 108 *Ga.* 391 (33 S. E.

897); *Athens Mutual Insurance Co.* v. *Evans*, 132 *Ga.* 703 (64 S. E. 993); *Long* v. *Hartford Fire Insurance Co.*, 25 *Ga. App.* 24 (102 S. E. 379); *McAfee* v. *Dixie Fire Insurance Co.*, 18 *Ga. App.* 192 (89 S. E. 181), and similar cases. As stated by the Supreme Court in the *Franklin* case, the agents in those cases did not agree to make the necessary indorsements on, or attachments to, the policies, and did not have access to the policies. In the case now before the court the authorized agent directly assured Jenkins, in response to a request, that the necessary changes in the policy to protect the interests of both Jenkins and the purchaser of the truck would be made, and further assured Jenkins that both he and the purchaser would be fully protected from that date on. On this assurance and representation they relied, and made no further efforts to have the necessary changes in the policy made.

While it does not appear from any express allegation in the petition as amended that the agent of the insurer, who gave the assurance that the necessary changes would be made in the policy and that Jenkins and the purchaser of the property would be fully protected from that date, ever had access to the policy so as to make the necessary changes in writing either on the policy or attached thereto, it does appear from the allegations that the person who gave such assurance was the agent for the defendant, and that the notice to and promise by him were notice to and assurance by the defendant; and that the promise by the agent to make the necessary changes in the policy and the assurance that the parties would be protected and were protected from that date were as effective in protecting the interests of the parties as though the policy had been actually changed as requested and promised. Such promise and assurance could and would have constituted a waiver and estoppel by the insurer if the agent had had access to the policy so as to be able to make the necessary and required change in it. If it be a constituent element of a waiver or estoppel by the company, which would operate to protect the interests of the parties, that the agent who made the alleged promise and assurance had access to the policy, the allegations that the promise of the agent to make the necessary change on the policy and his assurance that the parties would be protected and were protected from that date were as effective in protecting the interests of the parties as though the policy had been actually changed, necessarily contain the allegation

that everything was done by the defendant which constituted the waiver or estoppel and afforded the parties protection under the policy, including the fact that the agent had access to the policy, if this were necessary.

The policy in this case does not require that the change should be indorsed on the policy, but.provides that such change shall be by "agreement in writing added" to the policy. The situation in this case is entirely different from that presented in *Corporation of the Royal Exchange Assurance* v. *Franklin,* supra. In the policy involved in that case it was provided that the change should be by "indorsement" on the policy. There could be no indorsement on the policy by an agent of the insurer unless the agent had physical access to the policy, whereas a writing may be "added" to a policy, changing the terms of the policy, by its preparation by the insurer and its transmission to the insured, who can physically add the writing to the policy. The latter is the common practice, where changes in policies are made by extra papers in writing or riders, which are transmitted by the company to the insured to be attached to the policy. Therefore, under the facts in the present case, it would not be necessarily essential to a waiver or estoppel by the insurance company that the company have tangible access to the policy.

The alleged statements by the agent that he would make the necessary change in the policy and that the parties were fully protected from that date necessarily carry with them the promise and assurance that all the conditions were existing which were necessary to afford protection under the policy; and such statements were sufficient as a basis for the conclusion alleged in the petition that by such statement and assurance the interests of the parties were as fully protected as though the policy had been actually changed. As respects these allegations the petition as amended was good against general demurrer. While there are special demurrers to the aforesaid allegations as being conclusions of the pleader without sufficient facts on which to base the conclusions, and that the allegations do not show why or in what manner the assurances of the agent would be binding on the company, the trial court expressly refrained from passing on the special demurrers. It passed on the general demurrer only and dismissed the action. These allegations in the petition must be considered only as respects their sufficiency as against general demurrer.

It is likewise urged by the defendant that the doctrine of equitable estoppel or waiver can not be applied in the case at bar because the insured "did not act in any manner on the reliance of the agent, but, to the contrary, had already acted and had first transferred the title to the truck involved, before notifying any one of the transfer." The application of this doctrine in the case under consideration is predicated on acts and conduct of the insurer indicating that the policy was not and would not be claimed forfeited, and of its continued existence as a valid policy, even though there had been a sale of the insured property. The agent of the company received notice of the transfer of the property, which notice was imputable to the company when Jenkins informed the agent thereof and requested the necessary changes in the policy to protect his interest and that of the purchaser of the truck, and this agent assured Jenkins that these changes would be made, and assured him that from that date forward his interest and that of the purchaser were fully protected. The company, through its agent, thus allowed these parties to rely on the validity of the policy, and on the belief that the company assented to the transfer of the title to the truck, and no question was ever raised about that matter until after the loss of the truck.

In *Simonton* v. *Liverpool &c. Insurance Co.*, 51 *Ga.* 76, supra, where the insured under a fire policy, while in the act of removing his goods from one house to another, received an assurance in parol from the agent of the company who observed what the insured was doing, that the agent consented to the removal and promised to make the entry "on the books," the court held that the action of the insured in continuing to remove his goods and in not taking out new insurance was not such an action by the insured under the alleged parol agreement as would estop the insurer from insisting that the contract was not in writing. The court planted the decision on the rule applicable under the statute of frauds that the act of the insured was not such performance as would render it a fraud by the company to insist on the contract being in writing. That case is not authority for the proposition that the company is not estopped by reason of a failure of the insured to act on the promise and assurance of the agent of the company. That decision is sustainable on the theory advanced by Mr. Justice Hines in *Corporation of the Royal Exchange Assurance* v. *Franklin,* supra: "The

agent did not have possession of or access to the policy of insurance, and he made no agreement to indorse thereon or attach thereto permission for the insured to remove their goods." In *New York Underwriters* v. *Anderson,* supra, in which it was held that the company was estopped to insist on an indorsement of the transfer in writing on the policy by the assurances of the agent of the company that he would obtain the indorsement on the policy and afterwards that he had procured the indorsement on the policy, it appeared that before the agent made any assurances whatsoever the assured had already transferred the title to the property.

If the company was not waiving the forfeiture of the contract of insurance for the reason that the assured had transferred her title to the property, which was in violation of the "title and ownership" clause of the policy where not agreed to in writing added to the policy, the company should have acted during the life of the contract, and should have returned the unearned portion of the premium before the destruction of the truck by fire. If it had done so, other insurance could have been procured. If any one must suffer for the negligence or wrong doing of the agent of an insurer, it should be the company, and not one who has relied on the assurance and conduct of the agent. The company appoints its agent and can recall his authority. If the assured sold the insured property without notice to the company and consent by the company thereto added to the policy, the policy should be forfeited. If the insured property is sold and the company notified thereof through its authorized agent, and a request is made for the necessary changes in the policy, so as to protect the interests of Jenkins and of the purchaser, which would consist of a written agreement to such sale and transfer of the title to the truck added to the policy, then all has been done that can be done in regard to the matter. The company should promptly make such an agreement and add it to the policy, that is, should promptly make the necessary changes in the policy, or the company should declare the policy forfeited and cancel it before loss of the property. But the company should not be permitted by the conduct and actions of its agent, which speak louder than the words of the policy, to lull the assured, Jenkins, and the purchaser of the insured property, into a belief of security against loss, and then, after the destruction of the property by fire, rely on the printed words of the policy for

release from liability. See Eagle Fire Ins. Co. *v.* Lewallen, 56 Fla. 246 (47 So. 947); 38 A. L. R. 636 et seq. In the Lewallen case the policy forbade a change of ownership unless a consent was obtained and indorsed on the policy and also provided that no agent should have power to waive any of the provisions except by writing.

The contention of the insurer that the Grantham Insurance Agency was not an authorized agent is contradicted by the allegations of the petition as amended. It is alleged that the policy was written on behalf of the defendant jointly by its agents, the Grantham Insurance Agency of Glynn County and William Clifton of Darien, that the premium therefor was paid to the Grantham Insurance Agency, and that the policy was delivered by the Grantham Insurance Agency to the assured. An agent of an insurer who is apparently authorized to write and issue policies and who does write and issue a policy for the company, and who collects the premiums on the policy and delivers it to the assured, is, as to matters relatively to the policies written, issued, and delivered by him, an authorized agent of the company, and can waive conditions and causes of forfeiture in such policies. See 29 Am. Jur. 628; *Carrugi v. Atlantic Fire Insurance Co.*, 40 Ga. 135 (2 Am. R. 567); 14 A. L. R. 208; 35 A. L. R. 1478.

While nonwaiver provisions are binding, they are not conclusive, and are themselves subject to the law relating to waiver and estoppel. 29 Am. Jur. 620, 621, 623; *Corporation of the Royal Exchange Assurance v. Franklin,* supra; 38 A. L. R. 626, Ann. 637; Royal Insurance Co. *v.* Drury, 150 Md. 211 (132 Atl. 635, 45 A. L. R. 582), holding that provisions in an insurance policy regarding the inability of agents to waive any of its provisions do not prevent waiver of change of interest by an authorized agent. Policy provisions which limit the power of agents to waive conditions of the policy, or restrict the manner in which waivers may be made, do not supersede the recognized principles of the law of waiver and estoppel, and are not conclusive so as to prevent the agents of the insurer, through whom it must act in the transaction of its business and the conduct of its affairs, from binding the company by a waiver of a condition or creating an estoppel against it to assert a breach of condition in avoidance of the policy. 29 Am. Jur. 623, 625, and cit. And it is generally held that a gen-

-eral agent, or an agent having authority to write, issue, deliver, and cancel policies, may effect a waiver against the insurer under the foregoing rule. Id. 625, note 12; 107 Am. St. R. 119.

The contention of the company that it appears from the petition as amended that "the one and sole and only duly-authorized agent of the defendant was one William Clifton of Darien, Georgia, and therefore any notice, promise or statements made by the said B. F. Grantham most certainly would not constitute a notice to or a consent or promise by the authorized agent of the defendant," is not well founded. It does not appear from the petition as amended that Clifton was the sole authorized agent. It does appear from a copy of the policy attached to the petition that Clifton was the authorized agent of the defendant at Darien, but this does not preclude the company from having an authorized agent in Glynn County. The policy merely provides that it shall not "be valid unless countersigned by the duly-authorized agent of the company at Darien, Ga.," and recites that it was "countersigned at Darien, Ga. this 11 day of Apr. 1938. . . William Clifton, agent." It appears from the petition as amended that the policy was jointly written by the Grantham Insurance Agency of Glynn County, owned by B. F. Grantham, and by William Clifton of Darien; that the premium was paid to Grantham Insurance Agency and that this agency delivered the policy after it was written to the assured. It is also alleged that "at the time of said notice to and promise by said B. F. Grantham, the said B. F. Grantham was acting as agent for said defendant company." It is alleged that the policy was jointly written by the agents of the defendant "on behalf of said defendant company," naming such agents as the Grantham Insurance Agency of Glynn County and William Clifton of Darien.

I am of the opinion that the petition as amended alleged a cause of action, and that the court erred in sustaining the general demurrer.