PATRICK WHOLLEY *vs.* WESTERN ASSURANCE COMPANY.

Essex.    November 11, 1898. — September 11, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Fire Insurance — Proof of Loss — Arbitration — Waiver — Law and Fact — Scope of Agent's Authority.*

At the trial of an action on a policy of insurance against loss by fire it appeared that when the policy was issued and the loss occurred, the defendant, a foreign corporation, had a general agent in B. and a local agent in L. where the property was situated; that on the morning after the fire the plaintiff notified the local agent, and he notified the office in B., and received from the defendant's adjuster a reply saying that the notice had been received, and that he would be in L. on a certain day and give the matter attention; that the adjuster went to L. and with the local agent both viewed the premises and there saw the plaintiff, and agreed with him that the amount of the loss should be left to F., and that the company would settle on the basis of his figures; that F. a few days after handed his figures to the local agent, who forwarded them to the adjuster, but received no reply either to that or subsequent letters. *Held,* that a jury would be warranted in finding that the adjuster was sent by the general agent to L. to investigate and adjust the loss, and that it was within the apparent scope of his authority to waive proofs of loss, and to agree upon the amount of loss, and that he did so.

CONTRACT, upon a policy of insurance against loss by fire. Trial in the Superior Court, before *Dunbar*, J., who directed the jury to return a verdict for the defendant, and reported the case

for the consideration of this court. The facts appear in the opinion.

The case was argued at the bar in November, 1898, and afterwards was submitted on briefs to all the justices.

*N. P. Frye*, for the plaintiff.

*H. N. Shepard & C. H. Stebbins*, (*O. Storer* with them,) for the defendant.

MORTON, J. The defendant is a foreign insurance company with its principal office in Toronto, Canada. At the time of the issuing of the policy and of the loss it had a general agent in Boston and a local agent, one Fay, in Lawrence where the property was situated. The defendant does not contend now, as we understand it, that the policy did not attach and that a loss has not occurred under it. Its contention is that proofs of loss have not been furnished as required by the policy, and that there has been no arbitration to determine the amount of the loss which is a condition precedent to the bringing of an action in case the parties fail to agree upon the amount of the loss.

There was evidence tending to show that on the morning after the fire the plaintiff notified Fay, the local agent, of it, and that Fay thereupon notified the Boston office, and received from one Dooley, who it was admitted was a special agent or adjuster of the defendant company, a reply saying that the notice of loss had been received and that he would be in Lawrence on the following Tuesday and give the matter attention.

There was also evidence tending to show that Dooley went to Lawrence, and in company with Fay viewed the premises, and afterwards with Fay saw the plaintiff and agreed with him that the amount of the loss should be left to one Flanders, a carpenter, and that the company would settle on the basis of his figures; that Flanders a few days after handed his figures to Fay, who forwarded them to Dooley, but received no reply either to that or subsequent letters to Dooley, and that nothing more was ever done by Dooley or the company in relation to the matter.

We think that it would have been competent for the jury to find on this evidence that Dooley was sent by the general agent at Boston to Lawrence to investigate and adjust the loss, and that it was within the apparent scope of his authority to waive proofs of loss and to agree upon the amount of the loss, and that

he did so by agreeing to leave the matter to Flanders and to accept his figures as the basis of settlement. The notice of the fire was sent to the office in Boston, and it is hardly to be supposed that Dooley would have acted on it without some authority· or direction from the general agent. It is admitted that he was an adjuster, and the natural import of his presence at the scene of the loss, after the notice to the Boston office and his reply, would be that he was there to settle and adjust the loss on behalf of the company, and with authority for that purpose. Under such circumstances we think that the agreement to settle according to Flanders' figures could have been found to constitute a duly authorized waiver of the proofs of loss which were required by the policy. *Graves* v. *Merchants & Bankers Ins. Co.* 82 Iowa, 637. *Brown* v. *State Ins. Co.* 74 Iowa, 428. *Hartford Ins. Co.* v. *Keating*, 86 Md. 130. *Davidson* v. *Guardian Assurance Co.* 176 Penn. St. 525. *Gould* v. *Dwelling-House Ins. Co.* 134 Penn. St. 570. *Perry* v. *Dwelling-House Ins. Co.* 67 N. H. 291. *Cooper* v. *Ins. Co. of Pennsylvania*, 96 Wis. 362. *Oshkosh Gaslight Co.* v. *Germania Ins. Co.* 71 Wis. 454. *McCollum* v. *Liverpool, London, & Globe Ins. Co.* 67 Mo. App. 66. *Indiana Ins. Co.* v. *Capehart*, 108 Ind. 270. *Ætna Ins. Co.* v. *Shryer*, 85 Ind. 362. *Perry* v. *Faneuil Hall Ins. Co.* 11 Fed. Rep. 482. *Mitchell* v. *Orient Ins. Co.* 40 Ill. App. 111. *McPike* v. *Western Assurance Co.* 61 Miss. 37. *New Orleans Ins. Co.* v. *Matthews*, 65 Miss. 301. See contra, *Home Ins. Co.* v. *Sorsby*, 60 Miss. 302 ; *Hollis* v. *State Ins. Co.* 65 Iowa, 454 ; *Everett* v. *London & Lancashire Ins. Co.* 142 Penn. St. 332.

There was nothing left to arbitrate if the plaintiff and Dooley agreed to settle according to the figures of Flanders, and the · condition in regard to arbitration would not therefore apply. *Hayes* v. *Milford Ins. Co.* 170 Mass. 492, 497. It is not necessary to consider whether Dooley could have waived it. According to the report, if the ruling of the court that the action could not be maintained was right, then judgment was to be entered on the verdict which was ordered for the defendant, otherwise the plaintiff was to have judgment for four hundred and thirty-five dollars. We think that there should be judgment for the plaintiff for the sum named.

*So ordered.*