BEASLEY *v.* PHŒNIX INSURANCE COMPANY.

BEASLEY *v.* ATHENS MUTUAL INSURANCE COMPANY.

FISH, C. J. The policies of insurance upon which the respective actions were brought insured a certain stock of goods in stated amounts, and were issued subject to the following among other express conditions and stipulations, viz.: "One thousand dollars other insurance permitted. . . This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any contract of insurance, whether valid

or not, on property covered in whole or in part by this policy. . . This policy is made and accepted subject to the foregoing stipulations and conditions, . . no officer, agent, or other representative of this company shall have the power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." *Held,* that the company did not waive its right to plead as a defense that the policies had been rendered void because the insured, in violation of their terms and conditions, without the consent of the company, had taken out additional insurance on the stock of goods in a sum larger than that authorized by the policies; nor was the company estopped from setting up such defense by reason of the facts, sought to be proved, that the agent who issued the policies knew, for about ten days prior to the fire which destroyed the goods, that the insured had, subsequently to the issuance of the policies sued on, procured such excessive additional insurance, and failed during that time to notify the insured that the policies had been forfeited, and also failed to return the unearned portion of the premiums, but, by oral statements, led the insured to believe that the policies were then in force, and urged the insured to allow him to write other insurance on the goods. *Morris* v. *Orient Insurance Co.,* 106 *Ga.* 472 (33 S. E. 430); *Lippman* v. *Ætna Insurance Co.,* 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. R. 62); Id. 120 *Ga.* 247 (47 S. E. 593); *Johnson* v. *Ætna Insurance Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92); *Athens Mutual Insurance Co* v. *Evans,* 132 *Ga.* 703 (64 S. E 993); Civil Code, § 2489; 2 Cooley's Briefs on Insurance, 1045. A nonsuit was properly awarded in each case.

> *Judgment affirmed. All the Justices concur.*
> JUNE 13, 1913.

Actions upon insurance policies. Before Judge Frank Park. Mitchell superior court. October 9, 1911.

*Pope & Bennet,* for plaintiff.

*Slaton & Phillips* and *E. E. Cox,* for defendants.