5954. NOWELL *v.* BRITISH-AMERICAN ASSURANCE COMPANY.

RUSSELL, C. J. The action was based upon a fire-insurance policy containing the following provisions: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in

whole or in part by this policy." "This policy is made and accepted subject to the foregoing stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with other provisions, agreements, or conditions as may be endorsed hereon or added hereto; and no other officer, agent, or other representative of this company shall have power to waive any provision or conditions of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached." It affirmatively appears from the plaintiff's petition that the insured had, while the policy was in force, procured additional insurance from another company on the same property, and without the written consent of the insurer or of any agent, officer, or other representative thereof. *Held:* The petition was properly dismissed on general demurrer. The fact that it is alleged that such additional insurance was requested of the agents of the defendant who had issued the policy sued on, and that they stated to the plaintiff that they were unable to write further insurance for him; but that he could procure additional insurance through certain other agents doing business in the same town, and that at the solicitation and instance of the defendant's agents the plaintiff did call upon the agents to whom he was referred and did procure additional insurance in another company does not alter the situation. The mere oral permission to procure further insurance was not binding on the insurer. *Morris* v. *Orient Ins. Co.*, 106 *Ga.* 472 (33 S. E. 430); *Lippman* v. *Aetna Ins. Co.*, 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. R. 62); *Beasley* v. *Phoenix Ins. Co.*, 140 *Ga.* 126 (78 S. E. 722). The agent "had no power to talk away any provision or condition expressed in the policy. They were all beyond the reach of any oral declaration or representation which he might make." *Athens Mutual Ins. Co.* v. *Evans*, 132 *Ga.* 703, 708 (64 S. E. 993). *Judgment affirmed.*

DECIDED SEPTEMBER 10, 1915.

Action on insurance policy; from city court of Bainbridge— Judge Spooner. July 13, 1914.

*Harrell & Wilson, Shepard Bryan,* for plaintiff.
*Smith, Hammond & Smith,* for defendant.