6978.  McAFEE *v.* DIXIE FIRE INSURANCE COMPANY.

No waiver of the provision of the policy sued on as to vacancy of the building described in it resulted from mere knowledge of the insurance company's agent who issued the policy, and who was also the renting agent of the insured, that the building was vacant for the period stated therein, or from the fact that after the agent knew of the vacancy the company failed to cancel the policy; it being provided therein that the policy, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void if the described building "be or become vacant or unoccupied and so remain for ten days," and that no officer

or agent of the insurance company shall have power to waive any provision or condition of the policy unless the waiver shall be written upon or attached to it, and that no privilege or permission affecting the insurance shall exist or be claimed by the insured unless so written or attached. *Clay* v. *Phœnix Ins. Co.*, 97 *Ga.* 44, distinguished.

DECIDED MAY 30, 1916.

Action on insurance policy; from city court of Macon—Judge Hodges. September 20, 1915.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier*, for plaintiff. *King & Spalding, Daniel McDougald*, for defendant.

BROYLES, J. The insurance policy sued upon contained, among others, the following stipulations: (1) "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." (2) "This policy is made and accepted subject to the stipulations and conditions printed on the back hereof, which are hereby especially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this company shall have the power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." (3) "If this policy shall be cancelled as hereinbefore provided, or become void, or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy."

The plaintiff's petition showed that the building insured had been continuously vacant for more than ten days prior to the date of the fire, and that it was vacant at the time of the fire, and that no permission had been given therefor by the insurance company, as required by the terms of the policy. The plaintiff, in his petition, contended that the insurance company had waived its right to rely upon this as a breach of the policy, and could not set

it up by way of defense, because the company failed to cancel the policy when it had knowledge that the building had been vacant for more than ten days, this fact having been known by the agent of the defendant company who issued the policy, and who was also the renting agent of the plaintiff. The plaintiff relies mainly upon the ruling of the Supreme Court in the case of *Clay* v. *Phœnix Insurance Co.*, 97 *Ga.* 44 (25 S. E. 417). That case, however, is distinguished from the instant case in that in that case the policy provided that it would become void if the property insured should remain vacant *without notice to* or without the consent of the company endorsed on the policy, whereas in the instant case the policy did not contain the words "without notice to," but simply provided that it should be void if the premises remained vacant for more than ten days, unless an agreement to the contrary was endorsed on the policy. The Supreme Court, in the *Clay* case, properly held that notice to the agent of the defendant company was notice to the company itself. If the policy here sued upon contained the same stipulations as the policy in the *Clay* case, the court would have erred in sustaining the demurrer to the petition.

Although the policy in this case provided that the unearned premium would be returned upon the surrender of the policy, if the policy became void, the petition discloses the fact that the policy was not surrendered, but was sued upon.

Under the stipulations contained in the contract of insurance, there was no error in the dismissal of the petition on demurrer.

*Judgment affirmed.*