### 9522.   SPARKS *v.* NATIONAL UNION FIRE INSURANCE COMPANY.

Where a policy of fire insurance covering certain household furniture stated that the property described therein was insured only while contained in a designated building, "and not elsewhere," and the policy further provided that "no officer, agent, or other representative of this

company shall have the power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached," the agent representing the company when the policy was issued had no power to bind the company by subsequently giving parol permission for the removal of the insured property to a place other than that designated in the policy; nor would the mere promise of such an agent, while in possession of the policy, that he would thereafter indorse the removal thereon, be sufficient of itself to change the rule, where the promise was not effectuated and no consent was in fact either written upon the policy or attached to it, as required by its terms.

DECIDED NOVEMBER 12, 1918.

Action on insurance policy; from city court of Thomasville—Judge W. H. Hammond. January 14, 1918.

This was a suit on an insurance policy covering certain household furniture. The policy states that the property described therein is insured only while contained in the dwelling house situated at 303 N. Dawson St., Thomasville, Ga., "and not elsewhere." From the plaintiff's evidence it appears that on January 29th, 1917, the dwelling house described, in which the insured goods were stored, was partially destroyed by fire, together with a portion of the goods thus insured; that the roof of the house was partially burned, and that in order to protect from rain such of the goods in the house as were not destroyed it was necessary to remove them to a place of safety; and, with the approval of the defendant's agent, the heavy furniture was removed and placed in a storage house, and the other goods insured were removed to the Stuart Hotel in the same city; that on February 13, 1917, that hotel and goods of the value of $299.75 which the plaintiff had removed to it were destroyed by fire; and it is to recover this sum that the present suit was brought. It is alleged that before the goods were removed to the hotel the plaintiff obtained the consent of the defendant, through its duly authorized agent, to the removal, and that the plaintiff removed the said property "in pursuance of said parol agreement or contract, relying solely upon the consent of defendant and the contract of defendant." By amendment, the plaintiff alleged, that the reason the goods were

removed was that they were endangered by fire and required removal; that within five days from the date of removal he approached the defendant's agent, who as such agent had the policy in his possession, and requested that he indorse the removal on the policy in writing, and he promised to do so, but he failed to keep the promise; and that the plaintiff thought the indorsement had been made, until the fire occurred. He testified that within the five-days period provided for by the terms of the policy he went to Mr. Parker, the defendant's agent, and requested him to indorse in writing upon the policy the removal of the goods from 303 North Dawson Street to the Stuart Hotel, since it was impossible to repair the dwelling house at 303 North Dawson Street within that time; that the agent promised to make such written indorsement upon the policy, and that on January 29, 1917, he left the policy with the agent for the purpose of having the agent make the indorsement thereon, and for the purpose of getting an adjustment of the loss sustained at 303 North Dawson Street. He testified that it was "the general custom at Thomasville, Ga., for the agent of an insurance company to indorse removal on the policy when the holder of the policy moved goods that were insured from one house to another;" that he had at previous times held policies with the defendant, and that its agent, whenever he moved, indorsed the removal on the policy when he carried it to the agent and so instructed him. He further testified: "I don't know whether or not the company's agent, Mr. Parker, had any authority except what is stated in the policy. I don't know whether or not the defendant company had any knowledge of Mr. Parker's custom in such matters, or of any local custom." He further testified that the loss sustained by reason of the first fire was adjusted by the defendant, but that, on demand for payment of the loss sustained in the second fire, the defendant refused to pay it, stating that the policy had been cancelled, and refunding to him $2.25 as unearned premium.

One of the conditions of the policy sued upon is as follows: "If property covered by this policy is so endangered by fire as to require removal to a place of safety, and is so removed, that part of this policy in excess of property remaining in the original location shall, for the ensuing five days only, cover the property s removed in the new location. . ." The policy provides also that "This

policy is made and accepted subject to the stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy be claimed by the insured unless so written or attached."

On the conclusion of the plaintiff's testimony the court directed a verdict in favor of the defendant. The plaintiff made a motion for a new trial, upon general grounds only, which was overruled, and to this ruling he excepted.

*P. C. Andrews,* for plaintiff.

*C. E. Hay,* for defendant.

JENKINS, J. (After stating the foregoing facts). It will be seen by the terms of the policy sued upon that the goods therein named were insured only while contained in the dwelling house situated at 303 North Dawson Street, Thomasville, Georgia, *"and not elsewhere,"* except that in case of fire, where the goods insured were so endangered as to require removal to a place of safety, the goods thus removed to the new location were covered by the policy *for the ensuing five days only.* Thus, under the terms of the policy, the plaintiff's goods which were removed to the Stuart Hotel on January 29, 1917, were protected by the policy for the ensuing five days only. The evidence shows, however, that the goods thus removed were destroyed by fire on February 13, 1917, fifteen days after their removal. The plaintiff seeks to hold the company liable under the alleged parol consent of the agent of the insurer to the removal, and more especially by his subsequent parol promise to indorse such removal in writing upon the policy. Under the terms of the policy, however, the insured was put upon notice that no agent had authority to waive any condition of the policy, except in writing indorsed upon or attached to the policy;

and the insured therefore has no right to rely upon and waiver not made in that manner. *Simonton* v. *Liverpool &c. Insurance Co.,* 51 *Ga.* 76; *Lippman* v. *Ætna Insurance Co.,* 108 *Ga.* 392 (33 S. E. 897, 75 Am. St. R. 62). Furthermore, sections 2404 and 2470 of the Civil Code (1910) provide that a contract of fire insurance, to be binding, must be in writing, and a contract which a statute requires to be in writing can not exist partly in parol and partly in writing, and an agreement to alter such a contract must also be in writing. *Athens Mutual Insurance Co.* v. *Evans,* 132 *Ga.* 703 (64 S. E. 993). *Lippman* v. *Ætna Insurance Co.,* supra.

While it is true that in the case of *Western Assurance Co.* v *Williams,* 94 *Ga.* 128 (21 S. E. 370), it was held that "The consent of a fire insurance company, given, whether in writing or in parol, by its duly authorized agent, and acted upon by the insured, that the goods insured might be moved into another building without vitiating the policy, is, if sufficiently proved, binding upon the company notwithstanding stipulations in the policy that 'no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached,'" the Supreme Court was there dealing with the question raised upon the refusal of the lower court to sustain a demurrer to a petition wherein it was alleged that the waiver was made in writing by a *duly authorized agent* of the defendant. Mr. Justice Simmons, speaking for the court, said: "Although this clause of the policy excludes any inference that the powers of the agent extend to the waiver of conditions contained in the policy, except in the mode prescribed therein, yet it may be shown that such authority was in fact granted; and the waiver, whether in writing or parol, when given by a duly authorized agent and acted upon by the insured, is, if sufficiently proved, binding upon the company, notwithstanding the stipulations above quoted. This clause put the insured upon notice that the agent has no authority to

waive a condition of the policy except in writing, attached to the policy, and the insured would have no right to rely upon any waiver not made in that manner, unless it could be shown that the company did in fact authorize the agent to make the waiver otherwise. To establish such authority on the part of the agent, the insured would have to show that it was expressly granted by the company in the given instance, or would have to show some previous course of dealing in similar cases by the agent with the company's consent, manifested by ratification or otherwise." The evidence to the plaintiff in this case fails to show an express grant of such authority by the company in this instance, or any previous course of dealing in similar cases by the agent with the company's consent, manifested by ratification or otherwise, but, to the contrary, the evidence shows that it was the general custom of the agent at this place to indorse such a removal in writing upon the policy. So far as appears from the report in the cases of City Fire Insurance Co. v. Carrugi, 41 Ga. 660, and Clay v. Phœnix Insurance Co., 97 Ga. 44 (22 S. E. 901), the policies there involved contained no such express limitation upon the authority of the agent as is contained in the policy sued upon in this case, and what was there held is therefore not in conflict with the ruling here made. See Lippman v. Ætna Insurance Co., supra, and Johnson v. Ætna Insurance Co., 123 Ga. 404, 409 (51 S. E. 339, 107 Am. St. R. 92).

Counsel for the plaintiff insist that the defendant is estopped from setting up the defense relied on in this case, by reason of the fact that out of the premium paid by the plaintiff the defendant retained an amount sufficient to include the date on which the loss is alleged to have occurred, when the agent of the defendant had notice that the goods had in fact been removed. Even if such an amount was retained by the defendant, this would not estop it from setting up this defense. It is true that it is a well-settled principle of law that notice to a duly authorized agent of an insurance company, when given at the time the policy is issued, is notice to the company; and had the policy in this case been issued by the defendant with notice to its agent, at the time the policy was issued, that the goods thereby insured were not contained in the house therein specified, and had the company received and retained the premium with such notice to the agent, it would be

estopped from setting up such defense; but this is not the case here, and the question of estoppel is not involved. *Johnson* v. *Ætna Insurance Co.;* supra. The contract of insurance in this case had already been made, and both parties were on notice as to its terms. The insured was bound to know what were the rights of the company, and that none of them could be relinquished save in the manner pointed out·in the policy; and he on his part can not be heard to urge that there was a waiver by the company, unless it was made in the manner required.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*