### 11109.    LONG *v.* HARTFORD FIRE INSURANCE COMPANY.

BROYLES, C. J.    1. There is no substantial merit in any of the special grounds of the motion for a new trial.

2. Under the rulings in *Athens Mutual Insurance Co.* v. *Evans,* 132 *Ga.* 703 (64 S. E. 993), the evidence in the instant case demanded a verdict in favor of the insurance company, and the court did not err in so directing. See also, in this connection, *Lippman* v. *Ætna Insurance Co.,* 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. R. 62); *McAfee* v. *Dixie Fire Insurance Co.,* 18 *Ga. App.* 192 (89 S. E. 181).

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 3, 1920.

Action on fire-insurance policy; from Liberty superior court—
Judge Sheppard.  October 25, 1919.

After the issuance of the fire-insurance policy sued on, the
insured executed a deed by which title to the insured house was
conveyed as security for a debt.    Subsequently the house was
burned.   The policy contained provisions identical with those set
out in the decision in the case of *Athens Mutual Insurance Co.* v.
*Evans,* supra.   No written consent to the conveyance was given
on the part of the insurance company, and the company contended
that for this reason the policy was void.   The court refused to
allow the plaintiff to prove that after the conveyance was
made he went to the agent who had issued the policy, and who was
authorized to endorse thereon the defendant's consent to the con-
veyance, and informed him orally of the making of the convey-
ance, and the agent said to him, "All right, go on home, I will
take care of that; that is my part of the job;" and that to the
best of his recollection the agent said that some time when he
was passing through there he "would stop and take the policy and
make the necessary endorsement on it."   This ruling was com-
plained of in the motion for a new trial.

*Oliver & Oliver,* for plaintiff.

*King & Spalding, Seabrook & Kennedy,* for defendant.