14811. BRUCE *et al. v.* HARTFORD FIRE INSURANCE CO.

BROYLES, C. J. 1. Where a policy of fire insurance contains a stipulation that "unless otherwise provided by agreement, endorsed hereon or added hereto," it "shall be void, if any change, other than by death of the assured, takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise," and contains a stipulation that "unless otherwise provided by agreement, endorsed hereon or added hereto," it "shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," and where it is expressly provided in the policy that it is made and accepted subject to such stipulations, "together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement, endorsed hereon or added hereto; and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached," *held,* that notice from the assured to the local agents of the insurance company that he had sold and transferred the property covered by the policy, and a mere oral consent by such agents for the sale and transfer, and a mere oral promise by the agents that the policy would be transferred to the buyer of the property, and a mere oral permission by the agents for the assured to take out additional insurance upon the property, were not binding upon the company, and did not estop it from setting up, as a defense to an action upon the policy, that the assured, in violation of the terms and conditions of the policy, had in fact sold and transferred the property covered by the policy, and had in fact taken out additional insurance on the property. *Lippman* v. *Ætna Ins. Co.,* 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. Rep. 62) ; *Beasley* v. *Phœnix Ins. Co.,* 140 *Ga.* 126 (78 S. E. 722) ; *Nowell* v. *British-American Assurance Co.,* 17 *Ga. App.* 46 (85 S. E. 498) ; *McAfee* v. *Dixie Fire Ins. Co.,* 18 *Ga. App.* 192 (89 S. E. 181) ; *Long* v. *Hartford Fire Ins. Co.,* 25 *Ga. App.* 24 (102 S. E. 379).

2. Under the foregoing ruling the court did not err in dismissing the petition on general demurrer.

                 *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
                           DECIDED NOVEMBER 13, 1923.

Action on fire-insurance policy; from city court of LaGrange—
Judge Duke Davis. June 5, 1923.

*L. L. Meadors,* for plaintiffs.

*Spalding, MacDougald & Sibley, Lovejoy & Mayer,* for defendant.