## CORPORATION OF THE ROYAL EXCHANGE ASSURANCE OF LONDON *v.* FRANKLIN, for use, etc.

1. A provision in a policy of fire insurance, that "No officer, agent, or other representative of this company shall have power to waive any of the terms of this policy, unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached," is valid and binding upon the insured.

(*a*) But the insurer may be estopped from relying upon this provision as a defense to an action for the recovery of a loss under the policy; and such estoppel will arise whenever an authorized agent consents to changes, permission to make which is required to be indorsed on the policy, and promises to make the necessary indorsement, having access to the policy for this purpose, upon which promise the insured relies

and acts, when the agent fails to make the indorsement through mistake, oversight, neglect, or fraud, and the insurer will nevertheless be bound, if not by waiver, at least by an estoppel in pais.

2. Under the facts set out in subdivision (*a*) of the first question (infra), a jury would be authorized to find that the insurer was estopped; and the fact that the cashier of the bank making the loan to the insured, for which purpose the latter wished authority indorsed upon the policy, was also agent of the insurer, would not alter the case, in the absence of fraud or collusion.

3. Clauses in insurance policies which prohibit waivers unless indorsed thereon refer only to the provisions which enter into the contract of insurance, and do not affect conditions which are to be performed after loss, such as furnishing proofs of loss and giving notice.

(*a*) These may be expressly waived, or waived by conduct inconsistent with an intention to enforce a strict compliance with the condition, by which the insured is led to believe that the insurer does not intend to require such compliance.

(*b*) An adjuster sent to adjust a loss presumably has authority to waive proof of loss.

No. 3985. SEPTEMBER 2, 1924.

The Court of Appeals requested (in Case No. 13966) instruction upon the following questions, a determination of which is necessary for a decision of this case:

A policy of fire insurance which covered an automobile belonging to the insured contained the following provisions: "It is a condition of this policy that it shall be null and void if the interest of the assured in the property be other than unconditional or sole ownership, or if the subject of this insurance be or become encumbered by any lien or mortgage except as otherwise endorsed hereon." "It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to this company within sixty days of the date of loss (unless such time is extended in writing by the company) shall render such claim null and void." "No officer, agent, or other representative of this company shall have power to waive any of the terms of this policy, unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached."

1. Where personal property is insured against loss or damage from fire under an insurance policy containing the above provisions, and the insured during the life of the policy notifies one who is "agent" of the insurer, with whom the policy has been left by

the insured for safe-keeping for the insured's benefit, of his intention to encumber the property with a mortgage or a bill of sale as security for a loan, and requests such agent to make such necessary entry and indorsement in writing upon the policy as will protect the property against loss from fire when so encumbered, and the agent assures the insured that this will be done, and the insured allows the policy to 'continue to remain in the hands of the agent, and, relying upon the agent to carry out such instructions, and without knowledge that such instructions have not been carried out, encumbers the property, will the insurer, in the event that the agent fails to make any written indorsement or attach any writing to the policy, be, as a matter of law, estopped from defending against a loss thereunder upon the ground that such entry had not been made by indorsement upon the policy or by a writing attached thereto; or would a jury be authorized to find that the insurer was so estopped?

(a) In a suit by the insured against the insurer, to recover under an insurance policy containing the above provisions, for a loss by fire of the property insured, which, after the policy had been issued, had been encumbered with a mortgage to secure a loan made to the insured, where no indorsement or writing was attached to the policy, giving the insured permission to encumber the property or providing that the policy should continue to cover the property when so encumbered, was the insurer estopped, under the following state of facts, as a matter of law, from setting up this defense, or would a jury be authorized to find that the insurer was so estopped?: When the policy was issued the insured left it for safe-keeping with the insurer's local agent through whom it was issued; later during the life of the policy the insured approached the individual who had issued the policy to him and who was then the cashier of a bank, for the purpose of negotiating a loan to be secured by a bill of sale or mortgage upon the property insured and covered by the policy, and who was also still the "agent" of the insurer, but whose duties as such "agent" were not defined. The insured when making application for the loan told this person to whom he made the application that he would "give him a showing on the car and some mules. He told me all right. I told him after he made the note to be sure and make the proper indorsement on the policy. I told him to make

the insurance in protection of the bank. The car was insured then, and I told him to be sure and keep the policy up for me, and to make it payable to the bank—proper indorsement for the protection of the bank. He told me he would; he said, 'I will fix it all right.' Of course I thought he did, and I didn't know it until the time of the trouble. I always thought it had been done. I gave orders to do it, and he agreed to do it;" whereupon the insured executed a mortgage in favor of the bank upon the property covered by the policy. This individual, who still at the time had the policy in his possession for safe-keeping for the benefit of the insured, and who at the time "carried on in connection with [his] business as cashier at the bank the business of fire insurance, [and] represented the [insurer]," failed to make any indorsement on the policy, or to attach any writing thereto. This "agent," in his testimony, which was undisputed, said: "I drew the paper for [the insured] to sign to loan him some money. He said something to me about insurance on this property; he said he had it insured, and said I could fix that up for him all right; he said fix it so as to protect the bank; he said for me to fix it. I told him I would look after it all right and make the indorsement. I agreed to indorse this policy in favor of the bank. By indorsing it I mean putting an indorsement on it, a loss-clause payable to the bank as its interest might appear. I am familiar with that form. I did not do it. I don't know why. I put it up and really forgot it, and never did do it, just forgot it, just negligence on my part. [The insured] told me to do it. This policy from the date of its birth was in the vault of the bank; [the insured] never had it. I don't reckon he had ever seen it or knew what company it was in. I knew it was there. I was agent for the [insurer], and I kept the policy. I have never returned any premium to [the insured]. I took the money for the policy."

See, in this connection, 3 Cooley, Briefs on Insurance, 2617, where the author states: "If an insurer or authorized agent consents to changes which are required to be indorsed on a policy and promises to make the necessary indorsement, having access to the policy for this purpose, but fails to make the indorsement, through mistake, oversight, or neglect, the insurer will nevertheless be bound, if not by waiver, at least by an estoppel in pais." See also the same author to the effect that "such estoppels do not arise

upon the power or lack of power of an agent to change the provisions of the policy or waive any of its terms, but arise in law because of the acts of the company through its agent acting within the scope of his apparent authority as its representative." 3 Cooley, Briefs on Insurance, 2508. See also: *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92) ; *Lippman* v. *Ætna Ins. Co.,* 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. R. 62) ; *Simonton* v. *Liverpool &c. Ins. Co.,* 51 *Ga.* 76; *Sparks* v. *National Union Fire Ins. Co.,* 23 *Ga. App.* 38 (97 S. E. 462).

2. Where property covered by a fire-insurance policy has been damaged by fire and the insurer has sent an "adjuster" to "investigate the loss," will a statement by the adjuster to an agent of the insured, authorized to adjust and collect the loss, made before the expiration of the time provided in the policy for rendering and filing a proof of loss, to the effect that "he had the loss and [would] be back . . in the next day or two and adjust it;" that it would not be necessary for the insured "to fix the proofs of loss," but that he, the adjuster, "would be back in a day or two and would adjust it," as a matter of law amount to a waiver by the insurer of its right to insist upon the filing by the insured of the proof of loss within the time specified in the policy as a defense against a suit by the insured to collect under the policy, or will it authorize a jury so to find?

*Bryan & Middlebrooks* and *H. C. Hatcher,* for plaintiff in error.
*C. H. & R. S. Cohen* and *F. S. Burney,* contra.

HINES, J. The policy of fire insurance involved in this case contains these provisions: "It is a condition of this policy that it shall be null and void if the interest of the assured in the property be other than unconditional or sole ownership, or if the subject of this insurance be or become encumbered by any lien or mortgage except as otherwise endorsed hereon. . . It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to this company within sixty days of the date of loss (unless such time is extended in writing by the company) shall render such claim null and void. . . No officer, agent, or other representative of this company shall have power to waive any of the terms of this policy, unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed

by the assured unless so written or attached." The insured notified the agent of the insurer, with whom the policy had been left by the insured for safe-keeping for the insured's benefit, of his intention to encumber the property with a mortgage or bill of sale as security for a loan, and requested the agent to make the necessary entry and indorsement in writing upon the policy to permit such encumbrance. The agent assured the insured that this would be done. The policy remained in the hands of the agent. Relying upon the agent to carry out such instructions, and without knowledge that such instructions had not been carried out, the insured encumbered the property. The agent failed to make any written indorsement or to attach any writing to the policy permitting such encumbrance. Under the above circumstances is the insurer, as a matter of law, estopped from defending against the loss under the policy upon the ground that permission to the insured to encumber the property insured had not been indorsed upon the policy, nor had any writing been attached thereto permitting such encumbrance; and would a jury be authorized to find that the insurer was so estopped?

1. There is great diversity of opinion as to the effect to be given to the provision of this policy last above quoted. One group of decisions tends to favor the insurer, by adhering to a strict and literal construction of this stipulation. The other group, leaning to the insured, tends to nullify the effect of such provisions. 32 C. J. 1318, § 570. But in this State this provision of the policy is valid and binds the insured. *Morris* v. *Orient Ins. Co.*, 106 *Ga.* 472 (33 S. E. 430); *Lippman* v. *Ætna Ins. Co.*, 108 *Ga.* 391 (supra); *Athens Mutual Ins. Co.* v. *Evans*, 132 *Ga.* 703 (64 S. E. 993); *Beasley* v. *Phœnix Ins. Co.*, 140 *Ga.* 126 (78 S. E. 722); *Nowell* v. *British-American Assurance Co.*, 17 *Ga. App.* 46 (85 S. E. 498); *McAfee* v. *Dixie Fire Ins. Co.*, 18 *Ga. App.* 192 (89 S. E. 181); *Long* v. *Hartford Fire Ins. Co.*, 25 *Ga. App.* 24 (102 S. E. 379). But the insurer may be estopped from relying upon this provision as a defense to an action for the recovery of a loss under its policy of insurance. Under the circumstances recited in the first question propounded by the Court of Appeals, we think the insurer would be estopped from defending against a loss under the policy. If the insurer or his authorized agent consents to changes, permission to make which is required to be in-

dorsed on the policy, and promises to make the necessary indorsement, having access to the policy for this purpose, upon which promise the insured relies and acts, but the agent fails to make the indorsement, through mistake, oversight, neglect, or fraud, the insurer will nevertheless be bound, if not by waiver, at least by an estoppel in pais. 3 Cooley's Briefs on Law of Insurance, 2617; Manchester *v.* Guardian Assur. Co., 151 N. Y. 88 (45 N. E. 381), 56 Am. St. R. 600); Pollock *v.* German Fire Ins. Co., 127 Mich. 460 (86 N. W. 1017); Home Mut. Ins. Co. *v.* Nichols (Tex. Civ. App.), 72 S. W. 440; German Ins. Co. *v.* Cain (Tex. Civ. App.), 37 S. W. 657; West *v.* Norwich Union Fire Ins. Soc., 10 Utah, 442 (37 Pac. 685); American Central Ins. Co. *v.* McCrea, 8 Lea (Tenn.), 513 (41 Am. R. 647); German-American Ins. Co. *v.* Hyman, 42 Colo. 156 (94 Pac. 27, 16 L. R. A. (N. S.) 77); Rochester-German Ins. Co. *v.* Schmidt, 151 Fed. 681; Virginia F. & M. Ins. Co. *v.* Richmond Mica Co., 102 Va. 429 (46 S. E. 463, 102 Am. St. R. 846); Lechler *v.* Montana Life Ins. Co., 48 N. D. 644 (186 N. W. 271); Ætna Life Ins. Co. *v.* Fallow, 110 Tenn. 720 (77 S. W. 937); Schmurr *v.* State Ins. Co., 30 Ore. 29 (46 Pac. 363); Wilson *v.* Commercial Union Assur. Co., 51 S. C. 540 (29 S. E. 245, 64 Am. St. R. 700); Liverpool &c. Co. *v.* Sheffy, 71 Miss. 919 (16 So. 307); Ætna Ins. Co. *v.* Indiana Nat. L. Ins. Co., 191 Ind. 554 (133 N. E. 4); People's Nat. Fire Ins. Co. *v.* Jackson, 155 Ky. 150 (159 S. W. 688); Eagle Fire Co. *v.* Lewallen, 56 Fla. 246 (47 So. 947); Thompson *v.* Traders' Ins. Co., 169 Mo. 12 (68 S. W. 889).

But it is said that this court has ruled to the contrary of what is said above; and to sustain this contention the insurer relies upon the cases of *Simonton* v. *Liverpool &c. Ins. Co.,* 51 *Ga.* 76, *Lippman* v. *Ætna Ins. Co.,* 108 *Ga.* 391, *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404, *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703, and *Beasley* v. *Phœnix Ins. Co.,* 140 *Ga.* 126 (supra). The case at bar is distinguishable from these cases. In *Simonton* v. *Liverpool &c. Ins. Co.,* the insured had a policy on their stock of goods in a certain house on a certain street in Atlanta. They concluded to remove them to a different house in a different place in the city. They had actually commenced removing this property. While engaged in so doing an agent of the insurer, noticing that they were removing their stock, notified them that the removal would vitiate

their policy unless they desired it continued and the company agreed to it. The insured said they did desire it, and the agent said that his company would agree, and that he would fix it upon the books accordingly. The insured alleged that, relying upon this, they removed their goods, took out no new policy, supposed they were duly insured at their new place, and that their goods were destroyed by fire. Under these circumstances this court held that the insured had failed to make out a case of equitable estoppel, which would have been necessary in order to meet the requirement of our law that a policy of insurance must be in writing, in consequence of which any alteration thereof must be in writing. This court held that the facts of that case showed that the insured did not remove their goods relying upon a statement of the agent of the insurer, but that they were removing and would have removed them without such an agreement. The removal of the goods by the insured was not done in performance and in pursuance of the parol contract. Furthermore, this court said that there was very little in the language of the agent to justify the insured in relying thereon. "The words are consistent," said Judge McCay, "with an understanding on his part that, as the policy required, they should bring their policy to the office where the entry of agreement would be made." In that case the agent did not have possession of or access to the policy of insurance, and he made no agreement to indorse thereon or attach thereto permission for the insured to remove their goods. In *Lippman* v. *Ætna Ins. Co.*, *Johnson* v. *Ætna Ins. Co.*, *Athens Mutual Ins. Co.* v. *Evans*, and *Beasley* v. *Phœnix Ins. Co.*, the insured relied upon oral permissions of agents to do certain things which their policies provided such agents had no authority to grant, unless such permissions were in writing and indorsed on the policies. In these cases the agents did not have possession of or access to the policies of insurance. They did not agree to make the indorsements upon the policies. For these reasons these cases are clearly distinguishable from the case at bar. In like manner the cases of *Nowell* v. *British-American Assur. Co.*, 17 *Ga. App.* 46, *McAfee* v. *Dixie F. Ins. Co.*, 18 *Ga. App.* 192, *Long* v. *Hartford F. Ins. Co.*, 25 *Ga. App.* 24 (supra), and *Bruce* v. *Hartford F. Ins. Co.*, 31 *Ga. App.* 116 (120 S. E. 13), can be distinguished on similar grounds. We cannot agree to so much of the decision in *Sparks* v. *National*

*Union F. Ins. Co.,* 23 *Ga. App.* 38 (supra), as seems to hold to the contrary of what is ruled above.

The ruling we make is based upon the doctrine of equitable estoppel. If an agent of the insurer, authorized to make the necessary indorsement on a policy permitting the insured to encumber the property thereby insured, and having access to the policy, upon application of the insured for the indorsement of such permission upon his policy promises him to make such indorsement, and upon this promise the insured relies and acts, with notice to such agent that the insured is so relying and acting, and the insured thereafter sustains loss under his policy, the insurer shall be estopped to set up the defense that such indorsement had not been actually made upon the policy. There are authorities to the contrary, but the trend of modern decisions is toward the ruling which we make in this case. So we are of the opinion that the main division of the first question propounded by the Court of Appeals should be answered in the affirmative.

2. Under the facts set out in subdivision (a) of the first question, we think that a jury would be authorized to find that the insurer was estopped. The fact that the cashier of the bank making the loan to the insured, for which purpose the latter wished authority indorsed upon the policy, was also agent of the insurer, would not alter the case. *Clay* v. *Phœnix Ins. Co.,* 97 *Ga.* 44 (25 S. E. 417).

3. Do the facts stated in the second question propounded by the Court of Appeals amount as a matter of law to a waiver by the insurer of its right to insist upon the filing by the insured of proofs of loss in the time prescribed in the policy, and prevent the insurer from setting up the failure of the insured to make proof of loss within a prescribed time, as a defense against the suit by the insured to collect the loss under the policy? In *Underwriters Agency* v. *Sutherlin,* 55 *Ga.* 266, this court held that an adjuster could not, without express authority from the managing officers of the insurer, waive a stipulation in the policy of insurance that no action for loss thereunder could be sustained unless commenced within twelve months after such loss occurred. This case is not authority for the proposition that an adjuster cannot waive proofs of loss within the time in which the insured was required to make such proofs. In *Lippman* v. *Ætna Ins. Co.,* 120 *Ga.* 247 (47

S. E. 593), this court held that "a forfeiture of a contract of insurance cannot be waived by a local agent of an insurance company, without express authority from the governing officials of the insurance company." Here this court was dealing with the forfeiture of a policy which had already taken place, and not with the authority of an adjuster to waive proofs of loss under a policy in full force when such waiver was made. In *Farmers Mutual Fire Asso.* v. *Steed,* 20 *Ga. App.* 329 (93 S. E. 75), the Court of Appeals was dealing with the authority of the agent of the insurance company to waive the forfeiture of the policy caused by the failure of the insured to comply with the terms of the iron-safe clause embraced in such policy. That case does not authorize the holding that the adjuster could not waive proofs of loss under the facts set out in this question. In *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (supra), this court was dealing with the authority of an agent to give oral permission to the insured to encumber the property insured by a security deed, when the policy of insurance contained provisions that such encumbrance would render the policy void, and that no agent of the company had the power to waive such provision except by agreement indorsed thereon or attached to the policy. That case does not furnish a basis for the contention that an adjuster, under the provision of this policy, could not waive proofs of loss. In *Williams* v. *Atlas Assur. Co.,* 22 *Ga. App.* 661 (97 S. E. 91), the Court of Appeals held that under this limitation "an agent's notice of refusal to pay the loss would not bind the company as a waiver on its behalf of the contractual duty of furnishing the proofs of loss called for by the terms of the contract of insurance." *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404 (supra), was cited as authority for this ruling. We submit that the cited case, properly construed, does not justify the ruling made. In the cited case this court properly held that "Limitations in an insurance policy upon the authority of the agent of the company to waive the conditions of the contract of insurance are to be treated as referring to waivers made subsequently to the issuance of the policy;" but this court did not have before it in that case the question of the power of an adjuster to waive proofs of loss within the time in which the insured had the right to make them. In *Williams* v. *Atlas Assur. Co.,* supra, the Court of Appeals recognized that an absolute refusal to pay,

made by an authorized agent of the insurer, would waive the requirement of proofs of loss, notwithstanding the provision limiting the authority of the agents and officers of the insurer, and quoted in support of this ruling the case of *Continental Ins. Co.* v. *Wickham,* 110 *Ga.* 129 (35 S. E. 287).

In *Folds* v. *Fireman's Fund Ins. Co.,* 28 *Ga. App.* 323 (110 S. E. 925), the Court of Appeals held that an adjuster could not waive proofs of loss unless such waiver was written upon or attached to the policy. In· support of this proposition the court cited, among other authorities, the case of *Metropolitan Life Ins. Co.* v. *Caudle,* 122 *Ga.* 608 (50 S. E. 337), but an examination of that case will show that it does not support this view. This ruling by the Court of Appeals is not in harmony with the great weight of authority. "By the weight of authority, an officer or agent otherwise having authority to waive notice or proofs of loss may bind the company by an oral or implied waiver, notwithstanding a stipulation in the policy that no officer or agent shall have power to waive any of its terms or conditions unless the waiver is in writing indorsed on the policy or attached thereto." 33 C. J. 24, § 681, and cases cited in note 10 to this section. Clauses in insurance policies which prohibit waivers unless indorsed thereon refer only to the provisions which enter into the contract of insurance, and do not affect conditions which are to be performed after loss, such as furnishing proofs of loss and giving notice. These may be expressly waived, or may be waived by conduct inconsistent with an intention to enforce a strict compliance with the condition, by which the insured is led to believe that the insurer does not intend to require such compliance. Twin City F. Ins. Co. *v.* Stockmen's Nat. Bk., 261 Fed. 470; Insurance Co. *v.* Norton, 96 U. S. 234 (24 L. ed. 689); Burlington Ins. Co. *v.* Lowery, 61 Ark. 108 (32 S. W. 383, 54 Am. St. R. 196); Wheaton *v.* Insurance Co., 76 Cal. 415 (18 Pac. 758, 9 Am. St. R. 216); Rokes *v.* Amazon Ins. Co., 51 Md. 512 (34 Am. R. 323); Kenton Ins. Co. *v.* Wigginton, 89 Ky. 330 (12 S. W. 668, 7 L. R. A. 81); McCollough *v.* Home Ins. Co., 155 Cal. 659 (102 Pac. 814, 18 Ann. Cas. 862); Franklin F. Ins. Co. *v.* Chicago Ice Co., 36 Md. 102 (11 Am. R. 469); 4 Cooley on Insurance, 3503; Bernhard *v.* Rochester German Ins. Co., 79 Conn. 388 (65 Atl. 134, 8 Ann. Cas. 298); Washburn &c. Coffee Co. *v.* Merchants &c.

Ins. Co., 110 Iowa, 423 (81 N. W. 707, 80 Am. St. R. 311);
Phœnix Ins. Co. v. Bowdre, 67 Miss. 620 (7 So. 596, 19 Am. St.
R. 326); Dibbrell v. Georgia Home Ins. Co., 110 N. C. 193, 14 S.
E. 783, 28 Am. St. R. 678); Carson v. Jersey City Ins. Co., 43
N. J. L. 300; 14 R. C. L. 1345.

An adjuster sent to adjust a loss presumably has authority to
waive proof of loss. Slater v. Capital Ins. Co., 89 Iowa, 628, 57
N. W. 422 (23 L. R. A. 181); Popa v. Northern Ins. Co., 192
Mich. 237 (158 N. W. 945); Gristock v. Royal Ins. Co., 84 Mich.
161 (47 N. W. 549); Milwaukee Mechanics' Institute v. Fuquay,
120 Ark. 330 (179 S. W. 497); Lusk v. American Central Ins.
Co., 80 W. Va. 39 (91 S. E. 1078); Wholley v. Western Assur.
Co., 174 Mass. 263 (54 N. E. 548, 75 Am. St. R. 314); Teasdale v.
Insurance Co., 163 Iowa, 596 (145 N. W. 284, Ann. Cas. 1916A,
591); American Ins. Co., v. Dannehower, 89 Ark. 111 (115 S. W.
950); Helvetia Swiss F. Ins. Co. v. Allis, 11 Col. App. 264 (53
Pac. 242); Fort Scott &c. Asso. v. Palatine Ins. Co., 74 Kan.
272 (86 Pac. 142); Indian River St. Bk. v. Hartford F. Ins. Co.,
46 Fla. 283 (35 So. 228); Citizens Ins. Co. v. Stoddard, 197 Ill.
330 (64 N. E. 355); McInturff v. Ins. Co. of N. A., 155 Ill. App.
225.

So we are of the opinion that the insurer, under the facts stated
in the second question, waived proofs of loss, and that the second
question should be answered in the affirmative.

*All the Justices concur, except Hill and Gilbert, JJ., dissent-
ing.*

HILL, J., dissenting. I cannot concur in the conclusion reached
by a majority of the court in this case. A policy of fire insurance
which covered an automobile belonging to the insured contained
these stipulations: "It is a condition of this policy that it shall
be null and void if the interest of the assured in the property be
other than unconditional or sole ownership, or if the subject of
this insurance be or become encumbered by any lien or mortgage
except as otherwise endorsed hereon. . . It is a condition of
this policy that failure on the part of the assured to render such
sworn statement of loss to this company within sixty days of the
date of loss (unless such time is extended in writing by the com-
pany) shall render such claim null and void. . . No officer,
agent, or other representative of this company shall have power

to waive any of the terms of this policy, unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached." The insured, during the life of the policy containing the above provisions, notified the agent of the insurer, with whom the policy had been left by the insured for safe-keeping for the insured's benefit, of his intention to encumber the property with a mortgage or a bill of sale as a security for a loan, and requested the agent to make such necessary entry and indorsement in writing upon the policy as would protect the property against loss from fire, when so encumbered, and the agent assured the insured that this would be done, and the insured allowed the policy to continue to remain in the hands of the agent, and, relying upon the agent to carry out such instruction, and without knowledge that such instruction had not been carried out, encumbered the property. I am of the opinion that, in the event the agent failed to make any written indorsement or attach any writing to the policy, the insurer will not be estopped as a matter of law from defending against a loss thereunder, upon the ground that such entry had not been made by indorsement upon the policy or by a writing attached thereto. *Simonton* v. *Liverpool &c. Ins. Co.,* 51 *Ga.* 76, 77 (3) ; *Lippman* v. *Ætna Ins. Co.,* 108 *Ga.* 391; *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404; *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703; *Beasley* v. *Phœnix Ins. Co.,* 140 *Ga.* 126; *Sparks* v. *National Union Fire Ins. Co.,* 23 *Ga. App.* 38.

Estoppel in pais is a question for the jury, unless it is unequivocally established. *Tune* v. *Beeland,* 131 *Ga.* 528 (3) (62 S. E. 976). Estoppels are not generally favored. Civil Code (1910), § 5736.

Where a policy of fire insurance contains stipulations as set out above, and where property covered by the policy has been damaged by fire, and the insurer has sent an "adjuster" to ·"investigate the loss," a statement by the adjuster to an agent of the insured, authorized to adjust and collect the loss, made before the expiration of the time provided in the policy for rendering and filing a proof of loss, to the effect that "he had the loss and [would] be back . . in the next day or two and adjust it," that it would be unnecessary for the insured "to fix the proofs of loss," but that he, the ad-

juster "would be back in a day or two and would adjust it," would not as a matter of law amount to a waiver by the insurer of its right to insist upon the filing by the insured of the proof of loss within the time specified in the policy as a defense against a suit by the insured to collect under the policy; nor would it authorize a jury so to find. *Folds* v. *Fireman's Fund Ins. Co.*, 28 *Ga. App.* 323. See *Farmers Mutual Fire Assn.* v. *Steed*, 20 *Ga. App.* 329.

The principle decided in the foregoing decisions is controlling in the present case, and they cannot be successfully distinguished from the case at bar. To apply the doctrine of estoppel to a case like the present is to set aside the provisions of a solemn contract voluntarily made by the parties themselves, and where no sort of diligence has been shown on the part of the insured to have the alleged verbal agreement attached to the policy in writing as required by the contract. To allow the plaintiff to recover in such circumstances is not only to set aside the express stipulations of the contract, but is to endorse the grossest sort of negligence on the part of the plaintiff and to open the door hereafter to the grossest fraud to any one who may want to take advantage of his own negligence. As an original proposition the line of authorities followed by the majority of the court may or may not lay down the true rule; but in the view I take of this case, and of our own decisions on the subject, this State has adopted a different rule from that set out in the majority opinion. This is a question of whether one is to be held to his own voluntary contract, or whether the courts will protect and relieve one of his own inexcusable negligence. From the case in 51 *Ga.* down to the present time this court has said it would not do so, and I stand by what this court has heretofore said on the subject. I am authorized by Mr. Justice Gilbert to say that he concurs in this dissent.