36202. FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT *v.* FIELDS *et al.*

DECIDED JULY 12, 1956—REHEARING DENIED JULY 30, 1956.

274

*Hunt, Gaines & Baird, J. Corbett Peek, Jr.,* for plaintiff in error.

*Rose & Robertson, Sidney I. Rose,* contra.

FELTON, C. J.  The stipulation of facts in this case included the following, which are not set forth in full in the statement of facts: "No part of the premium was paid upon delivery of the said renewal certificate.  Thereafter, on or about December 1, 1954, Goldstein was informed by plaintiffs' agent (Mr. Moses Leff) that the property was occupied by Gresham's Florist for the month of December, 1954; that the property would thereafter be vacant commencing January 1, 1955, and that the owner-plaintiffs had no prospects for other tenants.  That following the December 1, 1954, advice given to Goldstein as to occupancy and vacancy, Goldstein frequented the office of Mr. Leff and on each occasion was advised of the property status.  On one such occasion, which occurred on or about February 1, 1955 (and at which time $100 of the $216 total premium was paid), Goldstein was again informed of the vacancy and lack of prospective tenant.  A further occasion of a discussion with Goldstein occurred on March 21, 1955, at which time the balance of the premium payment of $116 was paid; the property then being vacant for eighty (80) consecutive days.  Further discussion between Goldstein and Leff occurred during the month of April, 1955, and the same information as to vacancy was imparted to Goldstein.  On each

occasion of said notice and information given to Goldstein, the plaintiffs were informed by him that he would take care of the matter and not to worry about it, that they were covered."

The insurance policy in this case provided that, "This policy shall be cancelled at any time at the request of the insured, in which case this company shall, upon demand and surrender of this policy, refund the excess of the paid premium above the customary rates for the expired time. . ."

In *Sparks* v. *National Union Fire Ins. Co.*, 23 *Ga. App.* 38, 43 (97 S. E. 462), the court stated, "It is true that it is a well-settled principle of law that notice to a duly authorized agent of an insurance company, when given at the time the policy is issued, is notice to the company; and had the policy in this case been issued by the defendant with notice to its agent, at the time the policy was issued, that the goods thereby insured were not contained in the house therein specified, and had the company received and retained the premium with such notice to the agent, it would be estopped from setting up such defense. . ."

While the insurance policy in this case did not provide that the policy would be void if the premises became vacant, it did provide that there would be no coverage if the premises had been vacant for more than sixty days. In view of the fact that the insureds had the right to cancel this policy and procure a return of a part of the premium, it seems that the facts bring the case within the ruling that it would be a fraud upon the insureds to permit the insurance company which had accepted the premium with the knowledge that the building had been vacant for more than sixty days to repudiate its obligation to continue the insurance coverage. The agent which issued the policy in this case had the authority to extend the coverage for additional years by mailing endorsements to the insureds and it was not necessary for the agent to have possession of the policy. Certainly if the local agent could do this, he could by endorsement waive the vacancy provision of the policy without having the policy in his possession. The payment of a balance of the premium under the facts here conclusively shows a reliance upon the representation of the agent. The agent of the insurance company owed a duty under the circumstances to the insureds to absolutely provide for proper coverage or to inform them that there would be no cover-

age in view of the vacancy so as to give the insureds the opportunity to cancel the policy and to protect themselves from loss. The facts of this case bring it within the ruling above cited in *Sparks* v. *National Union Fire Ins. Co.*, 28 *Ga. App.* 38, especially the acceptance of the additional payment on the premiums under the circumstances. The holdings that a premium is earned upon delivery of a policy of insurance have no relevancy in this case in view of the cancellation provision. The court did not err in finding for the plaintiffs.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Quillian, J., dissents.*

QUILLIAN, J., dissenting. The defendant insists that it was not liable on the contract because the plaintiffs violated one of the terms of the policy. The policy provided: "Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring (A) . . . (B) while described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days." The agreed statement of facts shows that the property was vacant for more than 60 consecutive days. Therefore, the only question to be determined is whether the defendant's agent waived this provision and whether he had authority to do so. The facts show that the agent told the plaintiffs "not to worry about it, that they were covered." It is clear that the agent endeavored to waive the vacancy clause of the policy. The policy contained the clause: "Waiver provisions: No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto." The question then arises whether the agent had authority to orally waive the vacancy clause of the policy.

It was held in *Askew* v. *Maryland Ins. Co.*, 66 *Ga. App.* 564, 566 (18 S. E. 2d 564) as follows: "We do not think that such notice would be binding on the company for any reason. Contracts of fire insurance are required to be in writing. When the policy is delivered its terms become binding on the parties. An agent has no authority to make an oral agreement at the time the policy is issued which is contrary to the explicit terms of the policy. He has no such authority after the policy is issued." The

provision in the policy that all waivers must be in writing to be effective was notice to the plaintiffs that the agent did not have authority to waive the provisions of the policy unless such waiver was in writing and attached to the policy. Code § 56-801; *McAfee* v. *Dixie Fire Ins. Co.*, 18 *Ga. App.* 192 (89 S. E. 181) ; *May* v. *Globe &c. Ins. Co.*, 23 *Ga. App.* 798 (99 S. E. 631). It was held in *Corporation &c. Assur. of London* v. *Franklin*, 158 *Ga.* 644 (124 S. E. 172, 38 A. L. R. 626), that the insurance company was estopped to deny that its agent had executed the waiver and attached it to the policy, but in that case the policy was in the possession of the insurance company. In *Brooker* v. *American Ins. Co.*, 65 *Ga. App.* 713, 718 (16 S. E. 2d 251), it was held that the prerequisites of estoppel on the part of the insurance company to deny the waiver of a provision of the policy were: "First, the company must have access to the policy; second, there must have been a reliance on the promise of the agent by those to whom the promise was made and for whose benefit it was made." It was further held that in the absence of any allegation that the policy was delivered to the insurance company it could not be presumed that it was so delivered. In the case at bar the stipulated facts do not show that the agent had possession of the policy and I cannot assume that he did. Therefore, the insurance company was not estopped to deny that the vacancy clause of the policy was waived.

The plaintiffs insist that the defendant had waived its right to insist upon the terms of the policy by accepting a portion of the premium after a breach of the occupancy provision was known to the company. When the policy was issued and the risk assumed, the entire premium was earned, and the defendant's acceptance and retention of the premiums in no wise prevented it from asserting its rights under the policy. *Everett-Ridley-Ragan Co.* v. *Traders Ins. Co.*, 121 *Ga.* 228, 230 (48 S. E. 918, 104 Am. St. R. 99) ; *McAfee* v. *Dixie Fire Ins. Co.*, 18 *Ga. App.* 192; *Nalley* v. *Hanover Fire Ins. Co.*, 56 *Ga. App.* 555 (2) (193 S. E. 619).